J-S47006-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| HUMBERTO ALICEA, | |
| Appellant | No. 2130 MDA 2014 |

Appeal from the PCRA Order entered November 21, 2014,
in the Court of Common Pleas of Berks County,
Criminal Division, at No(s): CP-06-CR-0003169-2012

BEFORE:  ALLEN, OTT, and STRASSBURGER*, JJ.

MEMORANDUM BY ALLEN, J:                              **FILED JULY 20, 2015**

Humberto Alicea ("Appellant") appeals *pro se* from the order denying his first petition for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  We affirm.

The pertinent procedural history is as follows:  On February 11, 2013, Appellant entered into a negotiated guilty plea to one count of persons not to possess firearms.  In exchange, the Commonwealth agreed to a sentence of four to ten years of imprisonment, and withdrew an additional firearms charge.  That same day, the trial court sentenced Appellant in accordance with the plea.  Appellant filed neither post-sentence motions nor a direct appeal.

*Retired Senior Judge assigned to the Superior Court.

On May 15, 2014, Appellant filed a *pro se* PCRA petition, and the PCRA court appointed counsel. After being granted several extensions of time, PCRA counsel filed a motion to withdraw and a "no-merit" letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

On October 28, 2014, the PCRA court granted PCRA counsel's motion to withdraw. That same day, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's PCRA petition without a hearing. On November 11, 2014, Appellant filed a response. Following a review of Appellant's response, the PCRA court dismissed Appellant's PCRA petition by order entered November 21, 2014. This timely appeal followed. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Halley***, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa. Super. 2001). Moreover, a PCRA court may decline to hold a hearing on the petition if the PCRA court determines that the petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence. ***Commonwealth v. Jordan***, 772 A.2d 1011 (Pa. Super. 2001).

Before addressing the merits of Appellant's appeal, we must first consider whether the PCRA court correctly determined that Appellant's petition was untimely. The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010) (citation omitted). Thus, if a petition is untimely, neither an appellate court nor the PCRA court has jurisdiction over the petition. *Id*. "Without jurisdiction, we simply do not have the legal authority to address the substantive claims" raised in an untimely petition. *Id.*

Generally, a petition for relief under the PCRA must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, an exception to the time for filing the petition. *Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000); 42 Pa.C.S.A. § 9545(b)(1). Under these exceptions, the petitioner must plead and prove that: "(1) there has been interference by government officials in the presentation of the claim; or (2) there exists after-discovered facts or evidence; or (3) a new constitutional right has been recognized." *Commonwealth v. Fowler*, 930 A.2d 586, 591 (Pa. Super. 2007) (citations omitted). A PCRA petition invoking one of these statutory exceptions must "be filed within sixty days of the date the claim first could have been presented." *Gamboa-Taylor*, 753 A.2d at 783. *See also* 42 Pa.C.S.A. § 9545(b)(2). Moreover, exceptions to the time restrictions of the PCRA must be pled in the petition, and may not be raised for the first time on appeal. *Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007); *see*

*also* Pa.R.A.P. 302(a) ("Issues not raised before the lower court are waived and cannot be raised for the first time on appeal.").

For purposes of the PCRA's time restrictions, Appellant's judgment of sentence became final on March 13, 2013, after the thirty-day time for filing a direct appeal to this Court had expired. 42 Pa.C.S.A. § 9545(b)(3). Therefore, Appellant had to file his petition by March 13, 2014, in order for it to be timely. As Appellant filed the instant petition on May 15, 2014, it is untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. *See Commonwealth v. Beasley*, 741 A.2d 1258, 1261 (Pa. 1999).

Within his PCRA petition, Appellant did not assert the applicability of any of the exceptions to the PCRA's time restrictions. In his response to the PCRA Court's Pa.R.Crim.P. 907 notice, however, Appellant asserted that he "clearly stated [to PCRA counsel] that having a mental disorder impaired my ability to [file] a timely PCRA." Response, 11/11/14, at 5. According to Appellant, his diagnosis qualifies under the exception found at section 9545(b)(i)(ii). We disagree.

This Court has summarized:

> Only under a very limited circumstance has [our] Supreme Court ever allowed a form of mental illness or incompetence to excuse an otherwise untimely PCRA petition. *See*, *e.g.*, *Commonwealth v. Cruz*, 578 Pa. 325, 338-43, 852 A.2d 287, 294-97 (2004) (holding defendant's claims may fall under after discovered facts exception to PCRA timeliness requirements where his mental incompetence prevented him from timely raising or communicating claims). *But see* [*Commonwealth v.*

> *Sam*, 597 Pa. 523, 952 A.2d 565 (2008)], and its companion case *Commonwealth v. Watson*, 597 Pa. 483, 952 A.2d 541 (2008) (holding court erred in denying Commonwealth's request for involuntary administration of antipsychotic medication to restore death-row inmate competency so that he could participate in timely instituted post-conviction proceedings). Thus, the general rule remains that mental illness or psychological condition, absent more, will not serve as an exception to the PCRA's jurisdictional time requirements. *Commonwealth v. Hoffman*, 780 A.2d 700, 703 (Pa. Super. 2001).

*Commonwealth v. Monaco*, 996 A.2d 1076, 1080-81 (Pa. Super. 2010).

In *Monaco*, this Court affirmed the PCRA court's determination that the petitioner's untimely PCRA petition did not qualify for the section 9545(b)(1)(ii) time bar exception because he did not exercise due diligence in ascertaining the "newly discovered" fact of his diagnosis of Post-Traumatic Stress Disorder ("PTSD"). *Monaco*, 996 A.2d at 1082-83. Here, Appellant's claim likewise fails. Our review of the record reveals that Appellant was aware of his PTSD diagnosis prior to the entry of his guilty plea and sentencing. *See* N.T., 2/11/13, at 8 (trial counsel informing the trial court that Appellant suffers from PTSD). *See Commonwealth v. Liebensperger*, 904 A.2d 40, 47-48 (Pa. Super. 2006) (concluding that the petitioner did not adequately plead an exception to the PCRA's time bar, despite an earlier diagnosis of chronic depression and mild mental retardation and his claim that he had only recently regained his mental faculties). Therefore, Appellant's claim that he has "newly discovered" facts regarding his mental illness is without merit.

In sum, because Appellant's PCRA is untimely, and he has not met his burden of establishing an exception to the PCRA's time bar, the PCRA court correctly determined that it lacked jurisdiction. **Beasley**, **supra**. We therefore affirm the PCRA court's order denying Appellant post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/20/2015