J-S32006-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LEONARD THOMPSON, | |
| Appellant | No. 2469 EDA 2015 |

Appeal from the PCRA Order July 20, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0000219-2012

BEFORE:  BOWES, MUNDY AND PLATT,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED June 24, 2016**

Leonard Thompson appeals *pro se* from the July 20, 2015 order dismissing his October 11, 2014 PCRA petition as untimely filed.  We affirm.

On November 20, 2011, Appellant stabbed Cortney Green, who was the father of the children of Appellant's wife, Sherry Thompson.  When the incident occurred, Mr. Green had arrived at Appellant's residence on 1611 W. 7th Street, Chester, to take custody of his children pursuant to a pre-scheduled exchange.  After Mr. Green arrived at the door, Appellant obtained a knife, and attacked him.  The victim later died from the stabbing.

Appellant was charged with first, second, and third-degree murder as well as possession of an instrument of crime ("PIC").  On June 15, 2012, he tendered a guilty plea to third-degree murder and PIC.  The plea agreement

_____

* Retired Senior Judge assigned to the Superior Court.

provided that Appellant would receive a standard range-sentence for the murder charge, which was between nine and one-half to twenty years imprisonment, but there was no restriction as to the sentence that Appellant could receive for the PIC offense.

The matter proceeded immediately to sentencing. Appellant represented that custodial exchanges between Sherry and the victim had been fraught with tension and that he was overcome with emotion at the time of the incident. He apologized and said that he had not intended to kill the victim. The sentencing court imposed a twenty to forty year term of incarceration as to third-degree murder and a consecutive sentence of eleven and one-half to twenty-three months in jail on PIC.

On September 10, 2013, we affirmed. ***Commonwealth v. Thompson***, 87 A.3d 377 (Pa.Super. 2013) (unpublished memorandum). Appellant averred that the sentence was improperly premised upon two impermissible sentencing factors: Sherry's unemotional reaction to the death of her children's father and the sentencing court's mistaken belief that Appellant did not apologize for his actions to his stepchildren. We concluded that the contention was waived because Appellant had not preserved it at sentencing or in his post-sentence motion, and it was not included in his Pa.R.A.P. 1925(b) statement. Appellant did not file a petition for allowance of appeal.

Appellant filed a *pro se* PCRA petition on October 17, 2014, and counsel was appointed. Counsel ascertained that the PCRA petition was mailed from prison on October 11, 2014, by obtaining a copy of the cash slip for postage.[1] He filed a petition to withdraw and no-merit letter, extensively examining the law and facts and concluding that the PCRA petition was untimely. Counsel was permitted to withdraw. Appellant filed two responses to the PCRA court's notice that it intended to dismiss the petition without a hearing. This appeal followed the denial of PCRA relief. Appellant's statement of questions involved in this appeal spans three pages, is very convoluted, and purports to present eight contentions. His assertions largely relate to the effectiveness of plea counsel and appellate counsel. We will summarize them to the extent they are relevant to the critical inquiry herein: the timeliness of the October 11, 2014 PCRA petition.

_____

[1] Under the prisoner mailbox rule, all filings by *pro se* incarcerated litigants are considered to have been filed on the date that the litigant delivers a document to prison authorities for mailing or places it in the institutional mailbox. **Thomas v. Elash**, 781 A.2d 170 (Pa.Super. 2001). A copy of the relevant cash slip, a Pennsylvania Department of Corrections form, was attached as an exhibit to counsel's no-merit letter. Appellant signed the form, which indicated that he was requesting that $2.45 be charged to his account for postage for legal mail to be sent to the Delaware County Clerk of Courts. The address of the clerk of courts was set forth on the form, which stated "enclosed: PCRA Petition." No-merit Letter, 4/30/15, at Exhibit A. Appellant dated the cash slip October 11, 2016. On appeal, Appellant does not contest that he delivered the PCRA petition in question to prison authorities for it to be mailed on October 11, 2014.

Initially, we note that our "standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error." *Commonwealth v. Smith*, 121 A.3d 1049, 1052 (Pa.Super. 2015). Before we proceed to the merits, we must analyze whether the present PCRA petition was timely filed as that issue implicates our jurisdiction. In *Commonwealth v. Taylor*, 65 A.3d 462, 468 (Pa.Super. 2013), we outlined that the pertinent law provides: "The filing mandates of the PCRA are jurisdictional in nature and are strictly construed. . . . . An untimely petition renders this Court without jurisdiction to afford relief." *See Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006) (citation omitted) ("[I]f a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.").

Any PCRA petition "shall be filed within one year of the date the judgment becomes final" unless an exception to the one-year time restriction applies. 42 Pa.C.S. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Appellant did not seek allowance of appeal from our September 10, 2013 affirmance on appeal; his judgment of sentence therefore became

- 4 -

final thirty days later, or on October 10, 2013. Appellant thus had until Friday October 10, 2014, to file a timely PCRA petition, and his present petition, which was mailed from prison on October 11, 2014, is untimely.

There are three exceptions to the one-year time bar of § 9545:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i-iii). "Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Appellant mentions § 9545(b) only once in the argument portion of his brief. Therein, he asserts that his sentence is illegal and the courts have jurisdiction to correct such sentences at any time. Appellant's brief at 58. Our Supreme Court has held specifically that, "Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999); *see also Commonwealth v.*

*Jackson*, 30 A.3d 516 (Pa.Super. 2011). Therefore, Appellant's illegality position, which is premised upon the ineffectiveness of prior counsel, affords him no relief absent an applicable exception to the one-year time bar.

Alternatively, Appellant asserts that, if § 9545(b) deprives this Court of jurisdiction, it is unconstitutional. Appellant's brief at 58. However, our Supreme Court has upheld the constitutionality of requiring a PCRA petitioner to present his post-conviction claims within one year of when his judgment of sentence becomes final. *Commonwealth v. Peterkin*, 722 A.2d 638 (Pa. 1998); *see also Commonwealth v. Morris*, 771 A.2d 721 (Pa. 2001); *Commonwealth v. Hoffman*, 780 A.2d 700 (Pa.Super. 2001).

Appellant also asserts in his brief that his PCRA petition should be considered timely because prior counsel gave him incorrect advice on when it had to be filed. As we stated in *Hoffman*, *supra* at 704 (citation omitted), "With passage of the amendments to the PCRA, [the defendant] and his counsel were made aware of the PCRA's jurisdictional time restrictions. Thus, Appellant had adequate notice of the requirements of the PCRA." Accordingly, Appellant is imputed with knowledge of the PCRA's filing deadline. In addition, Appellant fails to make any assertion that he was not aware of this Court's September 10, 2013 affirmance in his direct appeal. Thus, he "had the opportunity to bring his petition within the parameters of the jurisdictional requirements of the PCRA[.]" *Id*.

Moreover, a lawyer's ineffectiveness in connection with outlining the correct time frame for filing a timely PCRA petition does not fall within an exception to the one-year time bar. **Commonwealth v. Wharton**, 886 A.2d 1120, 1127 (Pa. 2005) ("It is well settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA."); **see also Commonwealth v. Gamboa-Taylor**, 753 A.2d 780 (Pa. 2000); **Commonwealth v. Bronshtein**, 752 A.2d 868 (Pa. 2000); **Commonwealth v. Pursell**, 749 A.2d 911 (Pa. 2000).

There is another position that Appellant advances on appeal having tangential application to the timeliness of the present PCRA petition. He suggests that prior appellate counsel was ineffective for failing to file a petition for allowance of appeal and that he is entitled to reinstatement of his right to seek direct review of our affirmance of his judgment of sentence.[2] Appellant's brief at 7. If Appellant is allowed to seek allowance of appeal *nunc pro tunc*, then the finality of Appellant's judgment of sentence would be extended under the PCRA.

Appellant relies upon **Commonwealth v. Liebel**, 825 A.2d 630 (Pa. 2003), wherein our Supreme Court held that a PCRA petitioner can obtain reinstatement of his ability to file a petition for allowance of appeal under

---

[2] This position was contained in the *pro se* petition.

the PCRA. *Liebel* was an extension of the Court's previous pronouncement in *Commonwealth v. Lantzy*, 736 A.2d 564 (Pa. 1999), which ruled that claims seeking reinstatement of direct appellate rights premised upon counsel ineffectiveness were cognizable under the PCRA. In *Lantzy*, no direct appeal had been filed at all. Nevertheless, both *Liebel* and *Lantzy* involved timely PCRA petitions. Even though a defendant can obtain reinstatement of any of his appellate rights in a PCRA petition, it is clear that such relief can be granted only pursuant to a PCRA petition that is considered timely under § 9545. *Commonwealth v. Eller*, 807 A.2d 838 (Pa. 2002). Since Appellant's request to file an allowance of appeal *nunc pro tunc* was not raised in a timely PCRA petition, we remain without jurisdiction to grant relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/24/2016