**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Richard Lee HOFFMAN, Appellant.**

Superior Court of Pennsylvania.

Submitted March 19, 2001.

Filed July 17, 2001.

Erika P. Kreisman, Pittsburgh, for appellant.

Stephen S. Snook, Assistant District Attorney, Lewistown, for Com., appellee.

BEFORE: EAKIN, J., CERCONE, President Judge Emeritus, and KELLY, J.

KELLY, J.

¶ 1 Appellant, Richard Lee Hoffman, asks us to determine whether the trial court erred when it dismissed as untimely his petition for relief under the Post Conviction Relief Act (PCRA).[1] Specifically, Appellant asks us to decide whether his continuing mental illness constitutes an exception to the PCRA time requirements. We hold under the facts of this case that Appellant's mental illness does not fit within the statutory exceptions to the PCRA time bar. Accordingly, we affirm the PCRA court's order denying Appellant relief.

¶ 2 The relevant facts and procedural history of this case are as follows. Appellant was arrested on June 22, 1994, based on allegations of sexual molestation of his eight-year-old stepdaughter. In particular, Appellant was charged with multiple acts from March 1993 to May 1994. On September 15, 1994, a jury in the Mifflin County Court of Common Pleas convicted Appellant of one count rape,[2] one count statutory rape,[3] one count aggravated indecent assault,[4] one count involuntary deviate sexual intercourse,[5] three counts indecent assault,[6] and three counts corruption of a minor.[7] The court sentenced Appellant on November 7, 1994 to sixteen (16) to forty (40) years' incarceration. Appellant appealed his conviction and this Court affirmed his judgment of sentence on August 10, 1995. The judgment of sentence became final on or about September 9, 1995, as Appellant pursued no further appeals to the Pennsylvania Supreme Court. Appellant filed his first PCRA petition on April 9, 1999.

---

1. 42 Pa.C.S.A. §§ 9541–9546.

2. 18 Pa.C.S.A. § 3121.

3. 18 Pa.C.S.A. § 3122.

4. 18 Pa.C.S.A. § 3125.

5. 18 Pa.C.S.A. § 3123.

6. 18 Pa.C.S.A. § 3126.

7. 18 Pa.C.S.A. § 6301.

Appellant's PCRA petition was denied on April 26, 1999 without proper notice under Pa.R.Crim.P. 1507. Appellant filed a motion to reconsider, which was later granted. Appellant filed a brief on the timeliness of the PCRA petition, and the Commonwealth subsequently filed a reply brief. Appellant's PCRA petition was dismissed as untimely on November 19, 1999. Appellant filed a timely, counseled appeal to this Court.

¶ 3 Appellant presents the following issue for our review:

> SHOULD THE TIME BAR OF THE POST CONVICTION RELIEF ACT BE APPLIED WHEN APPELLANT SUFFERED FROM CLINICAL MENTAL ILLNESS?

(Appellant's Brief at 5).

■ ¶ 4 Whether Appellant's PCRA petition is timely directly affects the jurisdiction of the court. *Commonwealth v. Fahy,* 558 Pa. 313, 737 A.2d 214 (1999). The time requirements for filing a PCRA petition are as follows:

**(b) Time for filing petition.**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S.A. § 9545(b)(1)–(2). These provisions apply to all PCRA petitions filed after January 16, 1996. *See Commonwealth v. Carr,* 768 A.2d 1164 (Pa.Super.2001) (stating effective date of PCRA amendments was January 16, 1996). Moreover, the timeliness requirements of the PCRA are "mandatory and jurisdictional in nature." *Id.* at 1167. Thus, "no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner." *Id.*

¶ 5 In the instant case, Appellant was sentenced on November 7, 1994. The Superior Court affirmed his judgment of sentence on August 10, 1995. Appellant pursued no further review. Therefore, his judgment of sentence became final on or about September 9, 1995, at the expiration of the thirty-day time period for seeking review with the Pennsylvania Supreme Court. *See* 42 Pa.C.S.A. § 9545(b)(3). Appellant filed his first PCRA petition on April 9, 1999. Accordingly, his petition is untimely on its face.

■ ¶ 6 Appellant concedes that his PCRA petition is untimely on its face. However, Appellant claims that his continuing mental illness caused him depression, anxiety, and suicidal tendencies such that he could no longer competently handle his own affairs. Appellant asserts that he could ascertain facts surrounding his legal dilemma, but only after his family

eventually hired an attorney on his behalf. Additionally, Appellant contends that upon amendment of the PCRA, due process required that every convict still serving his sentence be served personal notice of the new deadlines. Appellant concludes that due to other laws structured to accommodate the mentally ill, due to his lack of knowledge in the law, and due to fundamental fairness and due process of law, his untimely PCRA petition should come under the second exception for timeliness. We disagree.

> Jurisdictional time limits go to a court's right or competency to adjudicate a controversy. These limitations are **mandatory and interpreted literally;** thus, **a court has no authority to extend filing periods except as the statute permits.** *Accord Missouri v. Jenkins,* 495 U.S. 33, 45, 110 S.Ct. 1651, 109 L.Ed.2d 31 (1990) (statutory requirement that petition for certiorari be filed within 90 days of entry of judgment in lower court is mandatory and jurisdictional, and thus, the court has no authority to extend the period for filing except as legislature permits); *Zipes v. Trans World Airlines, [Inc.],* 455 U.S. 385, 392–93, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982) (issue whether timely filing of EEOC charge is a jurisdictional prerequisite to Title VII suit in federal court or whether timely filing is subject to waiver, estoppel, and equitable tolling). Unlike a statute of limitations, a jurisdictional time limitation is not subject to equitable principles such as tolling except as provided by statute. Thus, the filing period is only extended as permitted; **in the case of the PCRA, the time limitations are extended upon satisfaction of the exceptions found in § 9545(b)(1)(i)-(iii) and timely filing pursuant to (b)(2).** As it has been established that the PCRA's time restrictions are jurisdictional, we hold that the period for filing

a PCRA petition is not subject to the doctrine of equitable tolling, save to the extent the doctrine is embraced by § 9545(b)(1)(i)-(iii).

*Fahy, supra* at 329, 737 A.2d at 222 (emphasis added).

¶ 7 Instantly, Appellant's claim of mental illness does not fit any exception to the statute's time limits. *Fahy* narrowly interprets the exceptions according to what is contained literally in the PCRA statute. *See id.* The statute does not include mental illness as an exception. *See* 42 Pa. C.S.A. § 9545(b)(1)(i)-(iii). Although other areas of the law may be structured to accommodate mental illness, the PCRA time restrictions are not. Our Supreme Court has interpreted the statutory filing exceptions literally, clearly stating that if an exception is not in the statute, then it does not exist. *See Fahy, supra.* Additionally, equitable principles such as equitable tolling are not applicable due to the jurisdictional nature of the PCRA time limits. *Id.* Thus, the time limits cannot be extended, except as the statute contemplates. *Id.* If we were to grant Appellant's request in this case, we would effectively create a new exception not permitted under the PCRA statute. We decline to do so.

¶ 8 Furthermore, Appellant's claim that he is not knowledgeable in the law is untenable. Appellant was aware of the need to petition a court of law for relief, as evidenced by his numerous handwritten documents of record, including a pretrial application for writ of *habeas corpus.*

■ ¶ 9 Moreover, Appellant's argument that every convict should have received personal notice of the amendments to the PCRA is without merit. The Court in *Fahy* makes clear:

> Procedural due process requires, at its core, "adequate notice, opportunity to be

heard, and the chance to defend oneself before a fair and impartial tribunal having jurisdiction over the case." With passage of the amendments to the PCRA, Appellant and his counsel were made aware of the PCRA's jurisdictional time restrictions. Thus, Appellant had adequate notice of the requirements of the PCRA. In his petition and on appeal to this court, Appellant had the opportunity to bring his petition within the parameters of the jurisdictional requirements of the PCRA, yet was unable to advance his claims accordingly. Thus, Appellant's procedural due process rights were not violated. Additionally, this Court in *Peterkin* specifically rejected an attack on the PCRA time restrictions on due process grounds. [*Commonwealth v. Peterkin,* 554 Pa. 547, 558 n. 8, 722 A.2d 638, 643 n. 8 (1998) ]. The court noted that the time-for-filing restriction is reasonable, and therefore, does not run afoul of Appellant's due process rights.

*Fahy, supra* at 325, 737 A.2d at 220 (citations omitted). Here, Appellant was given sufficient notice of the PCRA jurisdictional time requirements by virtue of the passage of the PCRA amendments. *See id.* Appellant could not, however, bring his petition within the parameters of the jurisdictional requirements of the PCRA. *Id.* Thus, Appellant's due process rights were not violated, as he had adequate time to petition the court for relief within the PCRA time limits, but simply did not do so.

¶ 10 Based on the foregoing, we hold that Appellant's petition was properly dismissed as untimely under the PCRA statute and his claim of continuing mental illness does not constitute an exception to its jurisdictional time requirements. Ac-

cordingly, we affirm the PCRA court's order denying Appellant relief.

¶ 11 Order affirmed.