J-S77026-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MARIO DIAZ MALDONADO | |
| Appellant | No. 670 EDA 2014 |

Appeal from the PCRA Order March 11, 2014
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0002341-1996

BEFORE:  STABILE, J., JENKINS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY JENKINS, J.:                    **FILED JANUARY 13, 2015**

Appellant Mario Diaz Maldonado appeals from the order of the Northampton County Court of Common Pleas dismissing as untimely his petition filed pursuant to the Post-Conviction Relief Act, 42 Pa.C.S. § 9541 *et seq*.  We affirm.

On May 16, 1997, a jury convicted Maldonado of first-degree murder[1] and the trial court sentenced him to life imprisonment.  On September 28, 1998, Maldonado appealed and this Court affirmed.  ***Commonwealth v. Maldonado***, No. 3547 Philadelphia 1997, 726 A.2d 1080 (Pa.Super. Sept. 28, 1998) (unpublished memorandum).  On January 12, 1999, the

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 2501.

Pennsylvania Supreme Court denied Maldonado's petition for allowance of appeal. ***Commonwealth v. Maldonado***, 734 A.2d 861 (Pa. 1999) (table).

On August 18, 1999, Maldonado filed a timely PCRA petition and the PCRA court appointed counsel. On April 19, 2000, after a hearing, the PCRA court denied the petition. This Court affirmed. ***Commonwealth v. Maldonado***, No. 1626 EDA 2000, 776 A.2d 293 (Pa.Super. Jan. 4, 2001) (unpublished memorandum).

On April 1, 2004, Maldonado filed a second PCRA petition. The PCRA court appointed counsel. On July 16, 2004, after a hearing, the PCRA court denied the petition as untimely. This Court affirmed. ***Commonwealth v. Maldonado***, No. 2235 EDA 2004, 880 A.2d 9 (Pa.Super. May 26, 2005) (unpublished memorandum). On November 15, 2005, the Pennsylvania Supreme Court denied Maldonado's petition for allowance of appeal. ***Commonwealth v. Maldonado***, 889 A.2d 88 (Pa. 2005) (table).

On October 4, 2007, Maldonado filed a third PCRA petition. The PCRA court issued a notice of intent to dismiss the petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907 and, on January 18, 2008, it dismissed the petition as untimely. On September 23, 2008, this Court affirmed. ***Commonwealth v. Maldonado***, No. 269 EDA 2008, 963 A.2d 568 (Pa.Super. filed Sept. 23, 2008) (unpublished judgment order). On January 20, 2009, the Pennsylvania Supreme Court denied Maldonado's petition for allowance of appeal. ***Commonwealth v. Maldonado***, 964 A.2d 894 (Pa.2009) (table).

On June 18, 2010, Maldonado filed a fourth PCRA petition. The PCRA court issued a notice of intent to dismiss the petition and, on July 20, 2010, it dismissed the petition. Maldonado did not appeal.

On August 2, 2012, Maldonado filed a fifth PCRA petition. The PCRA court issued a notice of intent to dismiss the petition and, on October 10, 2012, it dismissed the petition as untimely. On June 27, 2013, this Court affirmed. *Commonwealth v. Maldonado*, No. 3395 EDA 2012, 82 A.3d 473 (Pa.Super. June 27, 2013) (unpublished memorandum).

On January 22, 2014, Maldonado filed the current PCRA petition, his sixth. On February 4, 2014, the PCRA court issued a notice of intent to dismiss the petition without a hearing. On February 26, 2014, Maldonado filed a notice of appeal, purporting to appeal from the notice of intent to dismiss. On March 11, 2014, the PCRA court dismissed the petition as untimely.[2]

On March 13, 2014, the PCRA court ordered Maldonado to file a concise statement of matters complained of on appeal pursuant to

_____

[2] Although Maldonado filed his appeal before the court issued a final appealable order, i.e., the order dismissing the PCRA petition, we will treat the notice of appeal as filed after entry of the appealable order. *See* Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof.").

Pennsylvania Rule of Appellate Procedure 1925(b). On April 21, 2014,[3] Maldonado filed his concise statement. On April 30, 2014, the PCRA Court filed an opinion pursuant to Rule 1925(a), adopting the reasoning of its notice of intent to dismiss.[4] Pennsylvania Rule of Appellate Procedure 1925(a) Statement, filed Apr. 30, 2012.

Pursuant to Pennsylvania law, no court has jurisdiction to hear an untimely PCRA petition. *Commonwealth v. Monaco*, 996 A.2d 1076, 1079 (Pa.Super.2010) (citing *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa.2003)). The PCRA provides that a petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1); *accord Monaco*, 996 A.2d at 1079; *Commonwealth v. Bretz*, 830 A.2d 1273, 1275 (Pa.Super.2003). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of

---

[3] On April 16, 2014, Maldonado filed a *nunc pro tunc* motion for an extension of time to file a concise statement of errors on appeal. That same day, the trial court granted the motion, granting an additional 20 days from the date of the order.

[4] On May 14, 2014, Maldonado filed a notice of appeal from the PCRA court's 1925(a) opinion. On August 4, 2014, this Court quashed the appeal "as having been taken from a purported order which is not entered upon the appropriate docket of the lower court." *Commonwealth v. Maldonado*, No. 1631 EDA 2014 (Pa.Super. filed Aug. 4, 2014). Maldonado filed a motion for reconsideration, which this Court denied on September 22, 2014.

Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Three exceptions to the PCRA's statute of limitations exist. The exceptions allow for very limited circumstances under which a court may excuse the late filing of a PCRA petition. 42 Pa.C.S. § 9545(b)(1); *Monaco*, 996 A.2d at 1079. The late filing of a petition will be excused if a petitioner alleges and proves:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). If invoking an exception to the PCRA statute of limitations, the petition must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

The newly-discovered evidence exception "requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence." *Monaco*, 996 A.2d at 1080 (citing *Commonwealth v. Bennett*, 930 A.2d

1264, 1271 (2007)); *see also* 42 Pa.C.S. § 9545(b)(1)(ii). "Due diligence demands that the petitioner take reasonable steps to protect his own interests." *Id.* (citing *Commonwealth v. Carr*, 768 A.2d 1164, 1168 (Pa.Super.2001)). In addition, "[a] petitioner must explain why he could not have obtained the new fact(s) earlier with the exercise of due diligence." *Id.* (citing *Commonwealth v. Breakiron*, 781 A.2d 94, 98 (2001)).

Further, a heightened standard applies to a second or subsequent PCRA petition to avoid "serial requests for post-conviction relief." *Commonwealth v. Jette*, 23 A.3d 1032, 1043 (Pa.2011). A second or subsequent PCRA petition "will not be entertained unless a strong *prima facie* showing is offered to demonstrate that a miscarriage of justice may have occurred." *Commonwealth v. Hawkins*, 953 A.2d 1248, 1251 (Pa.2006). In a second or subsequent post-conviction proceeding, "all issues are waived except those which implicate a defendant's innocence or which raise the possibility that the proceedings resulting in conviction were so unfair that a miscarriage of justice which no civilized society can tolerate occurred." *Commonwealth v. Williams*, 660 A.2d 614, 618 (Pa.Super.1995).

Maldonado's judgment of sentence became final on August 12, 1999, 90 days after the Pennsylvania Supreme Court denied his petition for allowance of appeal. *See* 42 Pa.C.S. § 9545(b)(3) (judgment is final at the conclusion of direct review or at the expiration of time for seeking review); U.S. Sup. Ct. R. 13 (allowing 90 days to file a petition for writ of *certiorari*

with the United States Supreme Court). Maldonado had one year from that date, i.e., April 12, 2000, to file a timely PCRA petition. *See* 42 Pa.C.S. § 9545(b)(1). He did not file this PCRA petition until January 22, 2014, more than 14 years after his judgment of conviction became final. Therefore, the petition is facially untimely.

Further, Maldonado fails to qualify under any of the exceptions to the PCRA limitations period. Maldonado maintains he qualifies for the newly-discovered evidence exception.[5] He claims his "mental incompetence" prevented him from consulting with his counsel during trial and during prior post-conviction proceedings and prevented him from presenting his claims in his prior *pro se* PCRA petitions. Appellant's Brief at 13. He claims he was

---

[5] This is not the first time Maldonado has attempted to allege and prove an exception to the PCRA time bar. In his second petition, Maldonado attempted to utilize the newly-discovered evidence exception, claiming local newspaper articles and witness statements provided to him after his conviction could not have been discovered because of the volume of paperwork and because he was not fluent in English. *Commonwealth v. Maldonado*, No. 2235 EDA 2004, at 4-5 (Pa.Super. filed May 26, 2005). This Court noted the volume of paperwork did not relieve Maldonado from the obligation to search through the records, the witness statements were sent to him in Spanish, and he offered no explanation as to why he could not have consulted an interpreter or sought assistance in reading the articles. *Id.* In his fifth PCRA petition, Maldonado claimed he qualified for the new constitutional right exception based on the United States Supreme Court decision in *Miller v. Alabama*, --- U.S. --, 132 S.Ct. 2455, 2460 (2012), which held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" The PCRA court dismissed this petition as untimely and we affirmed, noting Appellant was 21 years old when he committed the murder. *Commonwealth v. Maldonado*, No. 3395 EDA 2012, at 5 (Pa.Super. filed Nov. 9, 2012).

unable to "rationally understand his present situation and to discuss relevant facts with his [a]ttorney(s) on [c]ollateral review." *Id.* The only description provided for the alleged "mental incompetence" is that Maldonado was unable to speak or read English and was unable to obtain translation services until December 3, 2013. *Id.* at 10.

In Pennsylvania, the general rule is "that mental illness or psychological condition, absent more, will not serve as an exception to the PCRA's jurisdictional time requirements." *Monaco*, 996 A.2d at 1081 (citing *Commonwealth v. Hoffman*, 780 A.2d 700, 703 (Pa.Super.2001)). In support of his claim, Maldonado relies on *Commonwealth v. Cruz*, which held:

> [M]ental incompetence at the relevant times, if proven, may satisfy the requirements of Section 9545(b)(1)(ii), in which case, the claims defaulted by operation of that incompetence may be entertained.

852 A.2d 287, 288 (Pa.2004) (emphasis deleted). In *Cruz*, after killing three individuals and injuring four others, Cruz shot himself in the head in an attempted suicide. He entered a negotiated plea of *nolo contendere* to three counts of second-degree murder. *Id.* At the plea hearing, the court asked counsel why the *nolo contendere* plea was appropriate. *Id.* Counsel stated that "during the shooting incident . . . [Cruz] actually lost part of his brain." *Id.* Counsel stated a psychiatrist described Cruz as "lobotomized" and found Cruz was unable to "express emotions and really discuss the facts of this

case in any sort of sensible way." *Id.*, at 288. The trial court accepted the plea without determining whether Cruz was competent. *Id.*

Six years later, Cruz filed a *pro se* PCRA petition alleging his constitutional rights were violated and he was denied the effective assistance of counsel. *Cruz*, 852 A.2d, at 289. He obtained counsel who claimed the PCRA petition fell within the newly-discovered evidence exception to the PCRA time bar. *Id.*, at 290. He alleged Cruz suffered from brain damage at the time of the plea hearing and quoted the plea hearing statements of his plea counsel and the trial court. *Id.*, at 289-90. Counsel claimed that it was only within the last six months that Cruz "returned to the level of literacy and comprehension necessary" to file the PCRA petition. *Id.*, at 290. The Pennsylvania Supreme Court found that "in light of the language of the exception, the unique nature of claims sounding in incompetence, and this Court's discussion in [*Commonwealth v. Haag*, 809 A.2d 271 (Pa.2002)],[6]

_____

[6] In *Haag*, the Pennsylvania Supreme Court found that, where a next-friend had been appointed in a PCRA proceeding, a court should not stay PCRA proceedings "based upon speculation that additional claims may exist, but are, as of now, undiscoverable" because of a defendant's incompetence. 809 A.2d at 281. In *Haag*, the PCRA petitioner was found to be incompetent, his trial counsel was deceased, and all of counsel's files related to the petitioner's case were destroyed. In a footnote, the Court noted the petitioner may later regain his competence and wish to raise cognizable PCRA claims known only to him, which, because of his incompetence, he was unable to communicate to counsel or his next-friend. *Id.*, at 280 n.11. The Court noted that this "arguably" would qualify under the newly-discovered evidence exception because the facts could not be known to PCRA counsel with the exercise of due diligence. *Id.* The Court noted that the issue was not ripe for review and that they "must leave it for another day." *Id.*

[Cruz] should be afforded an opportunity to attempt to prove that he was incompetent at the relevant times and that that incompetence qualifies under the [newly]-discovered evidence exception to the PCRA time-bar." *Id.* at 297.

In *Monaco*, this Court noted that the Pennsylvania Supreme Court found mental illness or incompetence will excuse an untimely PCRA petition "[o]nly under a very limited circumstance." 996 A.2d at 1080-81. In *Monaco*, this Court found the petitioner did not exercise due diligence to discover whether he suffered from post-traumatic stress disorder and found the petitioner's claim did not fall within the *Cruz* holding because the petitioner failed to allege his post-traumatic stress disorder "impaired his mental ability to raise or communicate his claim." *Id.* at 1082-1083.

The defendant in *Cruz* presented evidence he was "lobotomized" and presented testimony indicating a psychiatrist opined he was unable to understand the events of the plea. In contrast, Maldonado's only explanation for his mental incompetence is an alleged inability to understand English. He presents no psychiatric or medical records diagnosing him with a condition that would render him unable to "know the facts upon which he based his petition." *Monaco*, 996 A.2d at 1080. Further, he does not explain how any alleged incompetence prevented him from learning the facts to support his claims with the exercise of due diligence. *Id.* In fact, as discussed above, he has previously raised claims in a timely PCRA petition and has previously alleged his PCRA petition qualified for the newly-

- 10 -

discovered evidence exception because he was unable to translate documents.

The PCRA court correctly found the current PCRA petition failed to qualify under the newly-discovered evidence exception, noting that this Court previously rejected Maldonado's argument that the newly-discovered evidence exception applied because he did not understand English. This was not error. Further, Maldonado's petition does not fall within the limited *Cruz* holding. Accordingly, we will affirm the PCRA court's order dismissing Maldonado's sixth petition as untimely.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/13/2015