J-S33032-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| | : | |
| BRADLEY SCOTT HERB, | : | |
| | : | |
| Appellant | : | No. 18 MDA 2017 |

Appeal from the PCRA Order December 14, 2016
in the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0003986-2011

BEFORE:     BENDER, P.J.E., OTT, and STRASSBURGER, JJ.*

MEMORANDUM BY STRASSBURGER, J.:                    **FILED JULY 28, 2017**

Bradley Scott Herb (Appellant) appeals *pro se* from the December 6, 2016 order which denied his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The PCRA court summarized the facts and procedural history of this this case as follows.

> [Appellant] was arrested and charged with criminal attempt homicide, aggravated assault (3 counts), terroristic threats (2 counts), simple assault (2 counts) and recklessly endangering another person (2 counts).  He entered into a negotiated plea agreement on April 8, 2013.  The Commonwealth withdrew the attempted homicide charge and [Appellant pled] no contest to the remaining charges for a sentence of 10-2[0] years of incarceration.  [Appellant] was sentenced in accordance with this agreement.  [Appellant] was represented during this phrase of the proceedings.

PCRA Court Opinion, 10/26/2016, at 1.  Appellant did not file a post-sentence motion or direct appeal.

*Retired Senior Judge assigned to the Superior Court.

On August 5, 2016, Appellant *pro se* filed the instant PCRA petition. In his petition, Appellant claimed that the newly-discovered facts exception to the time bar applied to his petition. **See** PCRA Petition, 8/5/2016, at 4 (citing 42 Pa.C.S. § 9545(b)(1)(ii) ("Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that … the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]"). Appellant also averred that his petition was "filed within 60 days of the date the claim could have been presented" pursuant to 42 Pa.C.S. § 9545(b)(2). **Id.** at 5.

Specifically, Appellant claimed that on June 30, 2016, he watched the television program Good Morning America and learned, for the first time, that the prescription drug Ambien could cause unusual behavior, especially when mixed with other drugs. In his petition, Appellant asserted that he was under the influence of Ambien and other drugs during the incident leading to his convictions. PCRA Petition, 8/5/2016, at 2-3. He further claimed that he was prescribed a cocktail of drugs in jail prior to accepting his plea agreement, resulting in his being in a "medicated daze" during the plea hearing. **Id.** at 4. According to Appellant, his plea counsel was ineffective because counsel did not investigate the effect Appellant's prescription medications could have had on Appellant's behavior, both during

the incident and at the plea hearing. *Id.* at 3-4. Citing to *Commonwealth v. Cruz*, 852 A.2d 287 (Pa. 2004), Appellant argued the untimeliness of his petition should be excused due to his "mental incompetence." *Id.* at 4.

The PCRA court appointed counsel. Subsequently, counsel filed a request to withdraw and a no-merit letter pursuant to *Commonwealth v. Turner,* 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

On October 26, 2016, the PCRA court issued a memorandum and Pa.R.Crim.P. 907 notice, granting counsel leave to withdraw and noticing its intent to dismiss Appellant's petition without a hearing. Appellant filed a response, and on December 14, 2016, the PCRA court dismissed Appellant's petition. Appellant timely filed a notice of appeal.[1]

Appellant presents two issues for our consideration, but before we may consider the merits of Appellant's issues, we must determine whether his PCRA petition was timely filed, as the timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Leggett*, 16 A.3d 1144, 1145 (Pa. Super. 2011) (quoting *Commonwealth v. Abu–Jamal*, 941 A.2d 1263, 1267–68 (Pa. 2008) ("[O]ur Supreme Court has stressed that '[t]he PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed.'")). Generally, a petition for relief under the

---

[1] Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met. 42 Pa.C.S. § 9545.

Appellant acknowledges that his petition is facially untimely. However, Appellant alleges that his petition satisfies the newly-discovered facts exception pursuant to 42 Pa.C.S. § 9545(b)(1)(ii).

> Our Supreme Court has previously described a petitioner's burden under the newly-discovered fact exception as follows.
>
> > [S]ubsection (b)(1)(ii) has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) "the facts upon which the claim was predicated were *unknown*" and 2) "could not have been ascertained by the exercise of *due diligence*." 42 Pa.C.S. § 9545(b)(1)(ii) (emphasis added).
>
> ***Commonwealth v. Bennett***, [] 930 A.2d 1264, 1272 ([Pa.] 2007). Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced.

***Commonwealth v. Medina***, 92 A.3d 1210, 1216 (Pa. Super. 2014) (some citations and quotation marks omitted).

This Court has observed that "[o]nly under a very limited circumstance has [our] Supreme Court ever allowed a form of mental illness or incompetence to excuse an otherwise untimely[-filed] PCRA petition." ***Commonwealth v. Monaco***, 996 A.2d 1076, 1080-81 (Pa. Super. 2010).

- 4 -

In **Cruz**, the case relied upon by Appellant, our Supreme Court held that a PCRA petitioner may invoke the time-bar exception set forth in Section 9545(b)(1)(ii) of the PCRA, if the petitioner is able to prove "(1) that he was and remained incompetent throughout the period during which his right to file a PCRA petition lapsed; and (2) that his current petition was timely filed within 60 days of his becoming sufficiently competent to ascertain the facts upon which his underlying claims are predicated." **Cruz**, 852 A.2d at 287. However, outside of the limited circumstance described in **Cruz**, "the general rule remains that mental illness or psychological condition, absent more, will not serve as an exception to the PCRA's jurisdictional time requirements." **Monaco**, 996 A.2d at 1081 (citing **Commonwealth v. Hoffman**, 780 A.2d 700, 703 (Pa. Super. 2001)).

The petitioner in **Cruz** had suffered a self-inflicted brain injury and entered a plea of *nolo contendere*. At that time, his counsel stated that the petitioner had "actually lost part of his brain," rendering him "unable to discuss the facts of the case in a sensible way." **Id.** at 289. Almost six years later, the petitioner claimed he regained his competency, and filed a PCRA petition. Our Supreme Court remanded the case for an evidentiary hearing to afford the petitioner "an opportunity to prove that he was incompetent at the relevant times and that incompetence qualifies under the [newly-discovered-fact] exception to the PCRA time-bar." **Id.** at 297.

The PCRA court offered the following analysis regarding Appellant's petition.

> [Appellant] cites to [] *Cruz* [] in an attempt to claim mental incompetence as grounds to overcome the PCRA timing requirements. He indicates that he should have an opportunity to prove that he was incompetent at the relevant times.
>
> In *Cruz*, a defendant who was suffering from a brain injury caused by a self-inflicted gunshot wound was entitled to an opportunity to prove he was incompetent during the one-year period for seeking relief under the PCRA because it prevented him from discovering factual bases for his claims.
>
> Conversely, in the case *sub judice*, [Appellant] does not aver that he was incompetent for the one[-]year period. Rather, he indicates that he had taken drugs (Ambien and numerous other substances) leading up to the day of his arrest in 2011. He indicates he was place[d] on prescriptions while housed at the Dauphin County Prison and that he remained on those prescriptions until recently when he weaned himself off. He then discovered via "Good Morning America" that mixing Ambien with other substance[s] may cause unusual behavior. He avers that he was in a medicated daze when he accepted the plea; but he does not aver that he was mentally incompetent during the one[-]year period for purposes of the PCRA such that he could not discover factual bases for his claim. The *Cruz* case has no bearing on this case. [Appellant] has not pleaded and proven one of the exceptions; [the PCRA] Court does not have jurisdiction to decide the petition on the merits.

PCRA Court Opinion, 10/26/2016, at 3.

We agree with the PCRA court that *Cruz* is not applicable to the instant case. Unlike the petitioner in *Cruz*, whose severe brain injury rendered him unable to comprehend the nature of the proceedings, Appellant merely averred that he took drugs that may have caused him to suffer general ill effects. *See Monaco*, 996 A.2d at 1083 (holding that the

"narrow holding" in *Cruz* did not apply to PCRA petitioner who did not allege that his post-traumatic stress disorder impaired his mental ability to raise or communicate his claim). Even if Appellant's medications had affected Appellant to such an extent that he was unable to comprehend the nature of the plea proceedings, Appellant was required to plead and prove that the drugs rendered him incompetent throughout the one-year timeframe for timely filing a PCRA petition. He did not do this. Nor did he plead and prove that he filed his petition within 60 days of "becoming sufficiently competent to ascertain the facts upon which his underlying claims are predicated." *See Commonwealth v. Liebensperger*, 904 A.2d 40, 48 (Pa. Super. 2006) (rejecting PCRA petitioner's claim of mental incompetence where he failed to plead or prove "the crucial point in time at which he passed from incompetence to competence, discussing only his chronic mental illness").

Except for averring that he wrote a letter to his plea counsel's law firm days after watching Good Morning America to request that counsel investigate the effects of Ambien, Appellant's petition is devoid of any efforts he made to discover the effect of the drugs that he was taking. Thus, we conclude that Appellant has not established he acted with due diligence to meet the newly-discovered-facts exception to the timeliness requirement. *See Monaco*, 996 A.2d at 1082 (concluding that PCRA petitioner did not exercise due diligence in ascertaining whether he had post-traumatic stress disorder because he did not take steps to confirm his diagnosis).

Accordingly, Appellant's petition was filed untimely without exception, and the PCRA court lacked jurisdiction to consider it on the merits. ***See Commonwealth v. Albrecht***, 994 A.2d 1091, 1095 (Pa. 2010) (affirming dismissal of PCRA petition without a hearing because the appellant failed to meet burden of establishing timeliness exception).

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/28/2017