J-S11038-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| SHAWN P. HOLLOWAY, | : | |
| | : | |
| Appellant | : | No. 3308 EDA 2017 |

Appeal from the PCRA Order October 5, 2017
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0015247-2013

BEFORE:  OTT, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    **FILED MAY 01, 2018**

Shawn P. Holloway ("Holloway") appeals, *pro se*, from the October 5, 2017 Order dismissing his second Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  **See** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On October 5, 2015, Holloway entered a negotiated guilty plea to various crimes, including murder of the third degree.  On October 13, 2015, pursuant to the negotiated plea bargain, the trial court sentenced Holloway to

_____

[1] Holloway filed his Notice of Appeal from the PCRA court's August 31, 2017 Notice of Intent to Dismiss pursuant to Pa.R.Crim.P. 907.  Holloway's appeal was premature, as the PCRA court's Order was not a final, appealable order. However, the PCRA court subsequently dismissed the Petition on October 5, 2017.  Thus, the appeal was perfected by the entry of the final Order, and is properly before this Court.  **See Commonwealth v. McGarry**, 172 A.3d 60, 63 n.1 (Pa. Super. 2017).

an aggregate term of 27½ to 55 years in prison.  Holloway did not file a direct appeal.

On January 12, 2016, Holloway, *pro se*, filed his first PCRA petition. The PCRA court appointed Holloway counsel.  On July 6, 2016, Holloway, *pro se*, filed an amended PCRA Petition, raising additional claims.  On September 26, 2016, counsel for Holloway filed a Petition to Withdraw as counsel pursuant to ***Turner/Finley***.[2]  Subsequently, on November 26, 2016, counsel filed a supplemental ***Turner/Finley*** letter, addressing therein the issues raised by Holloway's amended PCRA Petition.  On February 10, 2017, the PCRA court granted counsel's Petition to Withdraw, and dismissed Holloway's first PCRA Petition without a hearing.  Holloway did not appeal.

On August 18, 2017, Holloway filed the instant *pro se* PCRA Petition, his second. On August 31, 2017, the PCRA court provided a Pa.R.Crim.P. 907 Notice of Intent to Dismiss.  On September 18, 2017, Holloway filed a Notice of Appeal from the Rule 907 Notice.  On October 5, 2017, the PCRA court dismissed Holloway's Petition.

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of the record.  We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

---

[2] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Initially, under the PCRA, any PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id*. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Holloway's judgment of sentence became final on November 12, 2015, when the time to appeal to this Court expired. *See* Pa.R.A.P. 903(a). Thus, Holloway had until November 14, 2016,[3] to file a timely PCRA Petition. The current Petition, which was filed on August 18, 2017, is facially untimely. *See* 42 Pa.C.S.A. § 9545(b).

However, Pennsylvania courts may consider an untimely petition if the appellant can explicitly plead and prove one of three exceptions set forth at 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any PCRA petition invoking one of these

_____

[3] One year from November 12, 2015, is Saturday, November 12, 2016. *See* 1 Pa.C.S.A. § 1908 (stating that when the last day of any period of time falls on a Saturday or a Sunday, "such day shall be omitted from the computation.")

- 3 -

exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2); **Albrecht**, 994 A.2d at 1094.

Holloway raises claims regarding his mental competency to enter a plea, and ineffective assistance of counsel. **See** Brief for Appellant at 8-9 (unnumbered). Holloway's claims do not invoke any of the three timeliness exceptions. **See, e.g., Commonwealth v. Wharton**, 886 A.2d 1120, 1127 (Pa. 2005) (stating that ineffective assistance of counsel claim does not invoke timeliness exception); **Commonwealth v. Hoffman**, 780 A.2d 700, 703 (Pa. Super. 2001) (stating that mental illness claim does not invoke timeliness exception).[4] Because Holloway did not successfully invoke any of the three exceptions necessary to circumvent the PCRA's timeliness requirement, we lack jurisdiction to address the merits of his claims on appeal.

Order affirmed. Motion to Dismiss Prosecution denied. "Motion for preservation of police radio and tapes Homicide headquarter at eight race

---

[4] We note that Holloway arguably raised the newly discovered fact exception in his PCRA Petition. Specifically, in his Petition, Holloway alleges that the Commonwealth coerced a witness into giving a false statement. PCRA Petition, 8/18/17, at 3. However, according to Holloway's Petition, he discovered this information when he reviewed the discovery in his case. Upon receipt of discovery, Holloway was aware of this information or could have ascertained it through due diligence. **See** 42 Pa.C.S.A. § 9545(b)(1)(ii). Therefore, in accordance with 42 Pa.C.S.A. § 9545(b)(2), Holloway cannot assert this exception because his Petition was not filed within 60 days of when the information was discovered, or could have been discovered by the exercise of due diligence.

[*sic*]" denied.  "Motion for of [*sic*] Competency" denied.  Motion to Withdraw and Vacate Guilty Plea denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/1/18