J. S21037/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :      IN THE SUPERIOR COURT OF
                                   :          PENNSYLVANIA
                 v.               :
                                   :
JESSE D. BOND,                    :            No. 743 EDA 2018
                                   :
                 Appellant      :

Appeal from the PCRA Order, February 2, 2018,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-2217781-1992

BEFORE: STABILE, J., MURRAY, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:         **FILED AUGUST 19, 2019**

Jesse D. Bond appeals ***pro se*** from the February 2, 2018 order entered in the Court of Common Pleas of Philadelphia County that dismissed, without a hearing, his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The PCRA court set forth the following:

> On February 8, 1993 a jury sitting before the Honorable David N. Savitt found [appellant] guilty of murder of the first degree, 18 Pa.C.S.[A.] Section 2502, robbery, 18 Pa.C.S.[A.] Section 3701(A)(1)(i), possession of an instrument of crime, 18 Pa.C.S.[A.] Section 907 and criminal conspiracy, 18 Pa.C.S.[A.] Section 903(A)(1). Following a penalty hearing, the jury returned a sentence of death for murder. On July 28, 1993, the Honorable David N. Savitt imposed sentence.
>
> The Supreme Court of Pennsylvania affirmed judgment of sentence including the death penalty at

> ***Commonwealth v. Bond***, 652 A.2d 308 (Pa. 1995). In its Opinion, the Supreme Court held that the conviction was supported by sufficient evidence.
>
> . . . .
>
> On June 6, 1995, [appellant] filed his first PCRA Petition. The Honorable David. N. Savitt denied relief. The Supreme Court of Pennsylvania affirmed the denial of relief at ***Commonwealth v. Bond***, 819 A.2d 33 (Pa. 2002).
>
> On November 22, 2002, [appellant] filed a Federal habeas corpus petition. In 2008, the United States Court of Appeals for the Third Circuit remanded the matter for a new sentencing hearing on grounds that [appellant] had received ineffective assistance of counsel at the penalty phase hearing. ***See Bond v. Beard***, 539 F.3d 256 (3rd Cir. 2008) (Opinion filed August 20, 2008, Amended Opinion filed October 17, 2008). Significantly, the Third Circuit did not overturn the guilty verdict.
>
> On November 15, 2012, [appellant] appeared before the Honorable Benjamin Lerner. The Commonwealth did not move for the death penalty. Judge Lerner sentenced [appellant] to concurrent terms of imprisonment of life without parole for murder, ten to twenty years for robbery, two and one-half to five years for possession of an instrument of crime, and five to ten years for criminal conspiracy.
>
> On July 1, 2013, [appellant] filed a PCRA Petition, followed by approximately eight pleadings labeled as amended and supplemental PCRA Petitions.

Trial court opinion, 6/5/18 at 1-3.

On November 22, 2017, the PCRA court filed its notice of intent to dismiss appellant's petition pursuant to Pa.R.Crim.P. 907. Appellant did not file a response. On February 2, 2018, the trial court entered an order

dismissing appellant's PCRA petition. Appellant filed a timely notice of appeal. The PCRA court ordered appellant to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Following the grant of an extension of time, appellant timely filed an 11-issue Rule 1925(b) statement. Subsequently, the PCRA court filed its Rule 1925(a) opinion.

With respect to timeliness, all PCRA petitions, including second and subsequent petitions, must be filed within one year of when a defendant's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The Supreme Court of Pennsylvania has held that the PCRA's time restriction is constitutionally sound. *Commonwealth v. Cruz*, 852 A.2d 287, 292 (Pa. 2004). In addition, our supreme court has instructed that the timeliness of a PCRA petition is jurisdictional. If a PCRA petition is untimely, a court lacks jurisdiction over the petition. *Commonwealth v. Callahan*, 101 A.3d 118, 120-121 (Pa.Super. 2014) (courts do not have jurisdiction over an untimely PCRA); *see also Commonwealth v. Wharton*, 886 A.2d 1120 (Pa. 2005).

Here, the trial court sentenced appellant on July 28, 1993. Our supreme court affirmed appellant's judgment of sentence on January 12, 1995. Because appellant did not seek review with the United States Supreme Court,

his judgment of sentence became final 90 days later, on April 12, 1995. [1] ***See***

42 Pa.C.S.A. § 9545(b)(3); U.S. S. Ct. R. 13.  Appellant had one year from

that date, or until April 12, 1996, to file a timely PCRA petition.  Therefore,

appellant's petition, filed on July 1, 2013 is facially untimely.  As a result, the

PCRA court lacked jurisdiction to review appellant's petition, unless appellant

alleged and proved one of the statutory exceptions to the time-bar, as set

forth in 42 Pa.C.S.A. § 9545(b)(1).

Those three narrow exceptions to the one-year time-bar are:  when the

government has interfered with the petitioner's ability to present the claim,

when the petition has recently discovered facts upon which his PCRA claim is

predicated, or when either the Supreme Court of Pennsylvania or the Supreme

Court of the United States has recognized a new constitutional right and made

that right retroactive.  42 Pa.C.S.A. § 9545(b)(1)(i-iii); ***Commonwealth v.***

***Brandon***, 51 A.3d 231, 233-234 (Pa.Super. 2012).  The petitioner bears the

burden of pleading and proving the applicability of any exception.

42 Pa.C.S.A. § 9545(b)(1).  If a petitioner fails to invoke a valid exception to

---

[1] We note that although the United States Court of Appeals for the Third Circuit granted appellant federal ***habeas corpus*** relief in the form of a new penalty hearing, that relief did not "reset the clock" for finality of appellant's judgment of sentence because it neither restored his direct appeal rights nor disturbed his convictions but only affected his sentence.  ***See Commonwealth v. McKeever***, 947 A.2d 782, 794 (Pa.Super. 2008) (reiterating that a successful collateral appeal does not "reset the clock" for calculation of the final judgment of sentence where such relief neither restores the petitioner's direct appeal rights nor disturbs petitioner's conviction but only affects petitioner's sentence).

the PCRA time-bar, this court may not review the petition. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(i-iii).

At the outset, we note that appellant's brief to this court does not conform in all material respects with the requirements of Chapter 21 of the Rules of Appellate Procedure. Appellant's brief fails to contain a statement of jurisdiction, the order appealed from, a statement of both the scope of review and the standard of review, a summary of the argument, and a short conclusion stating the precise relief sought. Appellant's brief also fails to include a statement of questions involved. "The rule requiring a statement of questions involved is to be considered in the highest degree mandatory, admitting of no exception; ordinarily no point will be considered which is not set forth in the statement of questions involved or suggested thereby." ***Commonwealth v. Maris***, 629 A.2d 1014, 1016 (Pa.Super. 1993), citing Pa.R.A.P. 2116(a) (internal quotation marks omitted). Therefore, it would be within the province of this court to dismiss the claims raised in the argument section of appellant's brief. ***See*** Pa.R.A.P. 2101 (authorizing quashal or dismissal of appeal where defects in an appellant's brief are substantial). In the interest of justice, however, we will address the arguments that we are able to reasonably discern. ***Commonwealth v. Freeland***, 106 A.3d 768, 776-77 (Pa.Super. 2014) (reiterating that this court may address arguments reasonably discerned in a defective brief in the interest of justice).

In his brief, appellant claims that his mental incompetence rendered him unable to file a timely PCRA petition so that his untimeliness should be excused. In so claiming, appellant relies on **Commonwealth v. Haag**, 809 A.2d 271 (Pa. 2002), **cert. denied**, 539 U.S. 918 (2003), and **Commonwealth v. Cruz**, 852 A.2d 287 (Pa. 2004). Following those decisions, this court explained that:

> [o]nly under a very limited circumstance has the Supreme Court ever allowed a form of mental illness or incompetence to excuse an otherwise untimely PCRA petition. **See**, **e.g.**, [] **Cruz**, [] 852 A.2d [at] 294-97 [] (holding defendant's claims may fall under after discovered facts exception to PCRA timeliness requirements where his mental incompetence prevented defendant from timely raising or communicating claims). **But see [Commonwealth v.] Sam**, [952 A.2d 565 (Pa. 2008),] and its companion case **Commonwealth v. Watson**, 52 A.2d 541 ([Pa.] 2008) (holding court erred in denying Commonwealth's request for involuntary administration of antipsychotic medication to restore death-row inmate competency so that he could participate in timely instituted post-conviction proceedings). Thus, the general rule remains that mental illness or psychological condition, absent more, will not serve as an exception to the PCRA's jurisdictional time requirements. **Commonwealth v. Hoffman**, [] 780 A.2d 700, 703 (Pa.Super. 2001).

**Commonwealth v. Monaco**, 966 A.2d 1076, 1080-1081 (Pa.Super. 2010).

To support his claimed mental incompetence, appellant asserts that when he filed his first PCRA petition, he "possessed the mental age of 13 years, 5 months, and an abstract reasoning age capability of 11 years 5 months." (Appellant's brief at 5.) Appellant then cites to an exhibit that he

attached to his brief, which is a list that he prepared summarizing his "mental health deficits." (Appellant's brief at Exhibit 1.) Appellant then claims that because various trial courts have denied his requests to proceed *pro se* over the years, those denials constitute findings of his mental incompetence. (*Id.* at 5.) Appellant further claims that because the PCRA court granted his motion to proceed *pro se* in this appeal on February 19, 2016, "[a]ppellant's competency has returned" and he "had 60[2] days from that date of February 19, 2016, to file a PCRA asserting the claims he was unable to raise due to his past incompetency." (*Id.* at 5-6.) Appellant is mistaken. A claim of mental incompetence, without more, does not serve as an exception to the PCRA's jurisdictional time requirements. *See Monaco*, *supra* at 1080-1081. Moreover, nothing in the law supports appellant's bald assertion that a trial court's denial or grant of a defendant's motion to proceed *pro se* is the equivalent of a mental competency determination.

That being said, a review of appellant's March 31, 2016 amended PCRA petition reveals that appellant did not raise his current claim that his self-proclaimed mental incapacity is a newly discovered fact that could not

---

[2] The 60-day rule applicable to appellant's claim was codified at 42 Pa.C.S.A. § 9545(b)(2) and required that "[a]ny petition invoking a exception . . . shall be filed within 60 days of the date the claim could have been presented." A 2018 amendment to Section 9545(b)(2) substituted "within one year" for "within 60 days." The effective date of the amendment is December 24, 2018, and the amendment applies to claims arising one year before the effective date or thereafter. *See* Act 2018-146, § 3. Therefore, because appellant's claim arose prior to December 24, 2017, the 60-day rule applies.

have been asserted with due diligence. (**See** appellant's "amended petition for [PCRA] relief requesting new trial due to newly-discovered evidence, **Brady**, actual/factual innocence, and withholding of known exculpatory evidence – and – request for relief pursuant to § 5505 regarding fraud upon the court by court officers," 3/31/16.) Therefore, because appellant raises this issue for the first time on appeal, he waives the issue on appeal. **See** Pa.R.A.P. 302 (stating that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Appellant next claims that "there are claims in the petition that are newly discovered and were raised within the sixty (60) days deadline for raising claims newly discovered." (Appellant's brief at 7 (full capitalization omitted).) To qualify under the newly discovered fact exception, "a petitioner need only establish that the facts upon which the claim is based were unknown to him and could not have been ascertained by the exercise of due diligence." **Commonwealth v. Burton**, 158 A.3d 618, 629 (Pa. 2017). Our supreme court has articulated that due diligence "does not require perfect vigilance and punctilious care, but merely a showing the party has put forth reasonable effort to obtain the information upon which a claim is based." **Commonwealth v. Cox**, 146 A.3d 221, 230 (Pa. 2016) (citation and quotation marks omitted).

Here, appellant does nothing more than list what he deems "newly discovered evidence," the alleged date of the discovery of the alleged newly

discovered evidence, and the date on which appellant raised the issue in the PCRA court. (Appellant's brief at 7-8.) For example, appellant alleges that he discovered "exculpatory policy [and] reports withheld by the Commonwealth regarding fingerprint evidence of [appellant's] actual innocence" on March 3, 2014, which he "raised in the PCRA proceedings on [April 3, 2014,] well before the 60th day." (*Id.*) Appellant falls far short of pleading and proving the applicability of the newly discovered fact exception to the PCRA's time-bar because he entirely fails to establish that the facts upon which the claim is based were unknown to him and could not have been ascertained by the exercise of due diligence.

Appellant finally complains that "the circumstances surrounding [appellant's] warrant for arrest being invalid where no affidavit of probable cause for arrest exist in this case may make the time bar non-applicable." (*Id.* at 8.) Appellant is mistaken. The three narrow exceptions to the PCRA's time-bar are statutory and must be alleged and proved. Appellant has failed to allege and prove the applicability of any exception.

Therefore, the PCRA court lacked jurisdiction to review appellant's petition, and we may not review the petition on appeal.

Order affirmed.[3]

---

[3] Appellant's application for extension of time to file reply brief is granted, and this court has reviewed the brief in reaching this disposition.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>8/19/19</u>