J-S59010-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANGEL RIVERA | : | |
| | : | |
| Appellant | : | No. 1077 EDA 2019 |

Appeal from the PCRA Order Entered March 20, 2019
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0002658-2010

BEFORE:  LAZARUS, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED DECEMBER 03, 2019**

Angel Rivera appeals, *pro se*, from the order, entered in the Court of Common Pleas of Lehigh County, dismissing his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, as untimely.  Upon careful review, we affirm.

On January 10, 2011, Rivera entered a negotiated guilty plea to third-degree murder and attempted murder.  That same day, the court sentenced him to the agreed-upon aggregate sentence of 40 to 80 years' imprisonment. On January 20, 2011, Rivera filed a motion to reconsider sentence, requesting the trial court withdraw its recommendation that he be sent to SCI Pine Grove. On January 24, 2011, the court granted Rivera's motion and struck the recommendation.  Acting *pro se*, Rivera filed untimely notices of appeal on June 21, 2011 and July 19, 2011.  By orders dated September 19, 2011 and December 6, 2011, this Court dismissed Rivera's appeals.

On May 14, 2012, Rivera filed a *pro se* PCRA petition. Counsel was appointed and filed an amended petition. By order dated April 25, 2013, the PCRA court denied relief. Rivera appealed and, on January 14, 2014, this court affirmed the order of the PCRA court.

Rivera subsequently filed three additional PCRA petitions, as well as other miscellaneous motions, all of which were denied. On December 19, 2018, Rivera filed the instant "Petitioner's Request for State Habeas Corpus Relief, and the Withdrawal of Guilty Plea, In Light of Newly Discovered Exculpatory Scientif[ic] Brain Evidence." As the claims raised were cognizable under the PCRA, *see* 42 Pa.C.S.A. §§ 9543(a)(2)(iii) and (vi) (providing eligibility for relief where conviction resulted from unlawfully induced guilty plea and/or unavailability at time of trial of exculpatory evidence), the PCRA court treated the petition as filed under the PCRA. On February 14, 2019, the PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss and, on March 20, 2019, the court dismissed the petition. Rivera filed a timely notice of appeal followed by a court-ordered concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Rivera raises the following claims for our review:

1. Did the [PCRA] court abuse its discretion in treating [Rivera's petition] as a PCRA petition?

2. Did [Rivera] possess a diminished capacity, diminished culpability, and the mental defect of cognitive immaturity at the time of the crime, plea agreement, and[/]or sentence?

3. Based on [Rivera's] mental defect of cognitive immaturity, diminished capacity, and diminished culpability, was [Rivera] at

the time of [his] guilty plea competent to enter into a knowing, intelligent, and voluntary plea agreemen[t] with the court?

4. Did the [sentencing] court deny [Rivera] his constitutional right to due process of law when it failed to take into consideration [Rivera's] mental defect of cognitive immaturity, diminished capacity, and diminished culpability before imposing a fixed, and harsh sentence of 40-80 years of total confinement[?]

5. Due to [Rivera's] mental defect of cognitive immaturity, diminished capacity, and diminished culpability at the time of the crime, which was never raised in court[,] did [Rivera] meet the elemental requirements to be convicted of third[-]degree murder?

Brief of Appellant, at 3 (unnecessary capitalization omitted).

Before reaching the issues that Rivera raises in his appellate brief, we must first determine whether the PCRA court correctly determined that Rivera's serial petition for post-conviction relief was untimely filed. Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence becomes final unless the petitioner alleges, and proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii), is met.[1]  A PCRA petition invoking one of these statutory exceptions must "be

---

[1] 1 The exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

J-S59010-19

filed within 60 days of the date the claims could have been presented." **See**

**Commonwealth  v.Hernandez**, 79 A.3d 649, 651-52 (Pa. Super. 2013)

(citations omitted); **see also** 42 Pa.C.S.A. § 9545(b)(2).[2]

Here, the trial court granted reconsideration of Rivera's sentence by

order dated January 24, 2011.  Rivera filed two untimely direct appeals.  Our

Supreme Court has held that

> in circumstances in which no timely direct appeal is filed relative
> to a judgment of sentence, and direct review is therefore
> unavailable, the one-year period allowed for the filing of a post-
> conviction petition commences upon the actual expiration of the
> time period allowed for seeking direct review, as specified in the
> PCRA.

**Commonwealth v. Brown**, 943 A.2d 264, 268 (Pa. 2008).

Accordingly, Rivera's judgment of sentence became final on February

23, 2011, at the expiration of the period for seeking direct review in this Court.

**See** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a).  Thus, Rivera had until

February 23, 2012 to file a timely PCRA petition.  Rivera's instant petition,

---

> (iii) the right asserted is a constitutional right that was recognized
> by the Supreme Court of the United States or the Supreme Court
> of Pennsylvania after the time period provided in this section and
> has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

[2] On October 24, 2018, the General Assembly amended subsection 9545(b)(2) to enlarge the time in which a petitioner may invoke a PCRA time-bar exception from 60 days to one year from the date the claim arises.  **See** Act 2018, Oct. 24, P.L. 894, No. 146, § 2, effective in 60 days [Dec. 24, 2018]. However, the amendment applies only to claims arising on December 24, 2017, or thereafter.  **Id.** at § 3.  In this case, all of Rivera's claims arose prior to the operative date of the amendment, so the 60-day period applies.

- 4 -

filed more than seven years after his judgment of sentence became final, is patently untimely, unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. **See Hernandez**, **supra**.

Rivera failed to plead and prove any exception to the PCRA's time bar. He appears to attempt to invoke the newly-discovered-facts exception under section 9545(b)(1)(ii); however, he neither explains how these facts could not have been ascertained by the exercise of due diligence, nor shows that he presented his claim within 60 days of the date it arose. Moreover, Rivera's claim of mental illness does not fit any exception to the PCRA's time limits. **Commonwealth v. Hoffman**, 780 A.2d 700, 703 (Pa. Super. 2001). Finally, Rivera raised nearly identical claims concerning diminished culpability and diminished capacity in previous petitions, all of which were dismissed. Accordingly, even if Rivera had succeeded in invoking an exception to the time bar, his claims have been previously litigated as contemplated by section 9544(a)(3), and he is ineligible for relief. **See** 42 Pa.C.S.A. § 9543(a)(3) (to be eligible for relief, petitioner must plead and prove allegation of error not previously litigated or waived).

Because Rivera has failed to plead and prove an exception to the PCRA's time bar, the PCRA court correctly determined that it lacked jurisdiction to address the claims raised by Rivera in his serial PCRA petition. We, therefore, affirm the PCRA court's order denying post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/3/19