J-S72019-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                :           PENNSYLVANIA
                                :
        v.                       :
                                :
                                :
JONATHAN COOK,             :
                                :
        Appellant          :      No. 46 EDA 2017

Appeal from the PCRA Order November 18, 2016
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0511911-1999

BEFORE:   BENDER, P.J.E., MUSMANNO, J., and STEVENS*, P.J.E.

MEMORANDUM BY MUSMANNO, J.:         **FILED DECEMBER 29, 2017**

Jonathan Cook ("Cook"), *pro se*, appeals from the Order denying his third Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). ***See*** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On April 22, 2002, a jury found Cook guilty of one count of third-degree murder, five counts of robbery, and four counts each of aggravated assault, conspiracy, possessing an instrument of crime and recklessly endangering another person. ***See*** 18 Pa.C.S.A. §§ 2502, 3701, 2702, 903, 907, 2705.  The trial court sentenced Cook to a mandatory term of life in prison for his conviction of third-degree murder. ***See*** 42 Pa.C.S.A. § 9715. The trial court imposed various prison terms for his remaining convictions. On appeal, this Court affirmed Cook's judgment of sentence. ***See*** ***Commonwealth v. Cook***, 829 A.2d 355 (Pa. Super. 2003) (unpublished

_____
* Former Justice specially assigned to the Superior Court.

memorandum). Cook did not seek allowance of appeal to the Pennsylvania Supreme Court.

On October 14, 2015, Cook filed the instant PCRA Petition, his third. On November 18, 2017, following appropriate Notice pursuant to Pa.R.Crim.P. 907, the PCRA court dismissed Cook's Petition without a hearing. Thereafter, Cook filed the instant appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Cook presents the following claims for our review:

1. Did the PCRA court err in dismissing [Cook's] PCRA Petition in which he alleged that his due process rights under the Fifth and Fourteenth Amendments of the U.S. Constitution were violated when the trial court allowed him to be tried [and] sentenced while he was incompetent[?]

2. Did the PCRA court err in dismissing [Cook's] PCRA Petition in which he alleged that his Sixth Amendment right to the effective assistance of counsel was violated when trial counsel allowed him to be tried [and] sentenced while he was incompetent[?]

3. Did the PCRA court err [in] dismissing [Cook's] PCRA Petition when [Cook] was represented at trial by counsel who failed to effectively object to the introduction at trial of evidence that was not disclosed during discovery[?]

Brief for Appellant at 4 (some capitalization omitted).

"Our standard of review in PCRA appeals is limited to determining whether the findings of the PCRA court are supported by the record and free from legal error." *Commonwealth v. Johnson*, 966 A.2d 523, 532 (Pa. 2009) (citation omitted).

Before addressing Cook's claims, we first must determine whether he timely filed his PCRA Petition. A PCRA petition must be filed within one year of the date the petitioner's judgment of sentence became final. 42 Pa.C.S.A. § 9545(b)(3). The one-year time limitation is jurisdictional, and a trial court has no power to address the substantive merits of an untimely petition. *Commonwealth v. Abu-Jamal*, 833 A.2d 719, 723-24 (Pa. 2003); *Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000). The three exceptions to the one-year filing requirement are for after-discovered facts, interference by a government official, and a newly-recognized constitutional right. 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any petition asserting one of these exceptions must also establish that the exception was raised within sixty days of the date the claim could have been first presented. 42 Pa.C.S.A. § 9545(b)(2).

> As such, when a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the trial court has no power to address the substantive merits of a petitioner's PCRA claims.

*Gamboa-Taylor*, 753 A.2d at 783.

Cook's judgment of sentence became final on June 26, 2003, after the expiration of the thirty-day period for seeking allowance of appeal with our Supreme Court. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 1113. Thus, Cook's Petition is facially untimely.

- 3 -

Cook asserts the newly discovered facts exception to the PCRA's timeliness requirement. Brief for Appellant at 8. Specifically, Cook asserts that he was incompetent, and only became competent on or around October 1, 2015, two weeks before filing the instant PCRA Petition. *Id.* Cook asserts that this Court's decision in *Commonwealth v. Cruz*, 852 A.2d 287 (Pa. 2004), and its progeny, do not require a PCRA petitioner "to prove [his] incompetence and a timely filing prior to receiving an evidentiary hearing to prove incompetence [and] a timely filing." Brief for Appellant at 8 (emphasis and some capitalization omitted). Cook contends that it is unfair to require him to use the "few lines" provided in PCRA Petition forms to convince the PCRA court that he was incompetent and complied with the timeliness requirements. *Id.* Cook additionally argues that his Petition raised a material issue of fact, requiring an evidentiary hearing. *Id.* at 9.

A PCRA petitioner bears the burden of proving, by a preponderance of the evidence, that "he was mentally incompetent during the period in which to raise and preserve claims in his first PCRA petition." *Commonwealth v. Ali*, 86 A.3d 173, 178 (Pa. 2014). Mental incompetence at relevant times may, if proven, satisfy the requirements of Section 9545(b)(1)(ii), "in which case, the claims defaulted by operation of the incompetence may be entertained." *Id.* at 177-78.

In its Opinion, the PCRA court considered and rejected Cook's claim of newly discovered facts, establishing an exception to the PCRA's timeliness

requirement. PCRA Court Opinion, 5/25/17, at 6-11. We agree with the sound reasoning of the PCRA court, as set forth in its Opinion, and affirm on this basis with regard to the claims raised by Cook. *See id.*

Order affirmed.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>12/29/2017</u>

## PHILADELPHIA COURT OF COMMON PLEAS
## CRIMINAL TRIAL DIVISION

COMMONWEALTH          :

                       :      **CP-51-CR-0511911-1999**

     v.                             

                       :

CP-51-CR-0511911-1999 Comm. v. Cook, Jonathan
Opinion

**JONATHAN COOK**       **Superior Court Docket**
                              **No.: 46 EDA 2017**



7952100241

Sarmina, J.
May 25, 2017

**FILED**

**MAY 25 2017**

**OPINION**

Office of Judicial Records
Appeals/Post Trial

### PROCEDURAL HISTORY:

On January 15, 2002, following a jury trial[1] before this Court, Jonathan Cook (hereinafter, petitioner) was found guilty of third-degree murder (H-3), five counts of robbery (F-1), four counts of aggravated assault (F-1), and one count each of criminal conspiracy (F-1), possessing instruments of crime (PIC) (M-1), and recklessly endangering another person (REAP) (M-2). Sentencing was deferred until April 11, 2002, at which time petitioner was sentenced to the mandatory term of life imprisonment in accordance with 42 Pa.C.S. § 9715.[2] On May 13, 2002, defendant filed a direct appeal[3] and, on May 27, 2003, Superior Court dismissed petitioner's appeal without prejudice pursuant to appellate counsel's Anders[4] brief.[5]

---

[1] At trial, petitioner was represented by Tariq Karim El-Shabazz, Esquire.

[2] § 9715 provides that "any person convicted of murder of the third degree in this Commonwealth who has previously been convicted at any time of murder or voluntary manslaughter...shall be sentenced to life imprisonment." On January 7, 1985, petitioner was convicted of voluntary manslaughter and possessing instruments of crime, CP-51-CR-0201881-1984.

[3] Petitioner was represented by Larry Feinstein, Esquire, on direct appeal.

[4] Anders v. California, 386 U.S. 738, 744 (1981) (describing the procedure for counsel appointed for handling state appellate proceedings for indigent defendants to advise court that appellate claims are meritless and request permission to withdraw as counsel).

[5] On direct appeal, petitioner raised one claim of ineffective assistance of counsel on the grounds that trial counsel failed to preserve a weight of the evidence claim regarding flaws in petitioner's identification as the perpetrator of the crimes. Superior Court rejected this claim pursuant to Commonwealth v. Grant, 813 A.2d 726 (Pa. 2002), which held that claims

Petitioner filed a Post-Conviction Relief Act (PCRA)[6] petition, *pro se*, on December 1, 2004, beyond the one year filing requirement stated in 42 Pa.C.S. § 9545.[7] Counsel was appointed for defendant on July 28, 2005,[8] and filed a Finley[9] letter on November 15, 2005, explaining that she had not filed an amended petition because petitioner had not forwarded any facts which could be used to bring his petition under any of the timeliness exceptions to the PCRA's filing requirements. On November 23, 2005, because petitioner had not established that any of the enumerated exceptions to the filing requirement applied, this Court sent petitioner notice of its intent to deny and dismiss his PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907 (907 Notice). On December 16, 2005, this Court dismissed petitioner's PCRA petition consistent with its 907 Notice. On January 7, 2006, petitioner filed an appeal and, on August 16, 2006, Superior Court affirmed the trial court's dismissal of petitioner's petition as untimely.[10]

Petitioner filed his second PCRA petition on June 12, 2009. Petitioner contended that his claims qualified as after-discovered evidence because he had filed his petition within 60 days of recovery from mental incompetence which rendered him unable to timely discover the factual bases for his collateral claims. On February 17, 2010, this Court sent petitioner a letter informing him of the requisite proof in order to determine whether a limited evidentiary hearing would be appropriate

---

[FN contd.]
of ineffective assistance of trial counsel should be addressed on collateral review rather than on direct appeal. Petitioner subsequently renewed this claim in his first petition for collateral relief.

[6] 42 Pa.C.S. §§ 9541-9546.

[7] Petitioner's first *pro se* PCRA petition raised blanket assertions of ineffective assistance of all prior counsel as well as prosecutorial misconduct.

[8] Sondra R. Rodriguez, Esquire was appointed to represent petitioner on collateral attack pursuant to Pa.R.Crim.P 904(C) and Commonwealth v. Perez, 799 A.2d 848 (Pa.Super. 2002) (holding that indigent petitioner is entitled to appointment of counsel on a first PCRA petition, even where petition is untimely on its face).

[9] Commonwealth v. Finley, 550 A.2d 213 (Pa.Super. 1988).

[10] Commonwealth v. Cook, No. 133 EDA 2006, slip. op. (Pa.Super. 2006) (memorandum opinion).

on the issue of his alleged mental incompetency. On March 5, 2010, a jailhouse paralegal[11] sent this Court a letter asking for an extension of time for petitioner's response, asserting that petitioner was still suffering from mental illness and was unable to respond in a timely manner. On March 31, 2010, this Court received an amended PCRA petition signed by petitioner, with an attached letter from the jailhouse paralegal indicating that the paralegal had prepared the amended petition on behalf of petitioner.[12] This Court scheduled a hearing, which was held on June 11, 2010, so that petitioner could be evaluated by a mental health expert. James G. Jones, M.D. examined petitioner on June 11, 2010, and found him mentally incompetent to represent himself or to assist any appointed counsel in his own defense, but opined that thirty days of treatment was reasonably certain to provide him with capacity. On June 24, 2010, this Court issued an Order committing petitioner for thirty days of mental health treatment. After petitioner's thirty day mental health treatment was completed, petitioner's incompetence was found to continue and, therefore, on September 17, 2010, this Court Ordered commitment of petitioner for sixty additional days of mental health treatment. On November 15, 2010, in preparation for petitioner's next PCRA hearing, petitioner was examined by Miles C. Ladenheim, M.D., J.D., a forensic psychiatrist. Dr. Ladenheim submitted a report on November 15, 2010, indicating that petitioner remained incompetent. On November 18, 2010, this Court Ordered petitioner committed for a new sixty day period of mental health treatment. On January 20, 2011, due to petitioner's continuing incompetency, this Court continued petitioner's PCRA hearing until further notice.

---

[11] The self-identified jailhouse paralegal identified himself as Eric X. Rambert, an inmate at SCI-Coal Township (Inmate Number AM-9223).

[12] For the sake of clarity, any reference to this filing shall refer to it as the "jailhouse petition." As the jailhouse petition claimed that petitioner was in a state of sustained mental incompetence, and as subsequent *pro se* filings by petitioner made no representations that petitioner had adopted the claims raised in the jailhouse petition, this Court did not address the jailhouse petition. This Court found that, even putting aside the fact that petitioner was represented to be incompetent at the time that the jailhouse petition was filed, the jailhouse petition was unhelpful to petitioner's claims and inconsistent with the claims raised in petitioner's second and third *pro se* petitions.

3

On October 14, 2015, asserting that he had regained mental competency two weeks prior, petitioner filed the instant petition *pro se*, his third PCRA petition. On February 12, 2016, this Court continued the matter for petitioner to have a competency evaluation. Petitioner's competency evaluation was completed on April 15, 2016, and he was found competent by Robert W. Stanton, M.D. who submitted a report, dated April 19, 2016, to that effect. This Court thus determined that it could proceed with petitioner's PCRA petition, and evaluated the claims outstanding from both petitioner's second and third PCRA petitions.[13] After evaluating the filings petitioner had submitted, this Court determined that petitioner failed to satisfy his burden of proof in showing that his claims satisfied any one of the timeliness exceptions articulated in § 9545(b)(1) and, on October 17, 2016, sent petitioner a 907 Notice. On November 18, 2016, this Court dismissed petitioner's PCRA petition as untimely, consistent with its 907 Notice. This timely appeal followed.

## LEGAL ANALYSIS:

Petitioner raises two claims on appeal: [14]

1. This Court violated petitioner's constitutional rights when it permitted petitioner to be tried and sentenced while petitioner was incompetent to stand trial or to be sentenced.

2. Trial counsel was ineffective where he failed to effectively object to the introduction of evidence at trial that was not disclosed during pretrial discovery.

---

[13] Petitioner's third *pro se* petition claimed: 1) that trial counsel was ineffective for proceeding when he knew or should have known that petitioner was mentally incompetent at sentencing; 2) that petitioner was tried in spite of a Brady violation which occurred prior to the start of his trial; and 3) that trial counsel failed to impeach the credibility of a key Commonwealth witness who was a former police officer who left the police force under questionable circumstances. Additionally, petitioner had the following ineffective assistance of counsel claims outstanding from his second *pro se* petition: 1) that trial counsel failed to raise the claim that the Court lacked subject matter jurisdiction over petitioner because the original criminal complaint was defective on its face; 2) that trial counsel failed to file post-sentence motions to vacate based on the claim that petitioner's conviction and imposition of sentence violated state procedural rules; 3) that trial counsel failed to file post-sentence motions to vacate the judgment against petitioner based on insufficiency of the evidence; 4) that appellate counsel failed to raise the claim that the trial court abused its discretion by issuing curative instructions rather than declaring a mistrial after the Commonwealth referenced petitioner's incarceration during trial; 5) that PCRA counsel was ineffective based on failure to raise each of the previous four ineffectiveness of counsel claims; 6) that PCRA counsel was ineffective for failure to argue that petitioner's claims qualified under the after-discovered evidence exceptions to the PCRA's timeliness requirements because petitioner suffered from mental incompetence which prevented him from timely discovering the factual bases for his collateral claims.

[14] This Court has rephrased and consolidated petitioner's claims for ease of disposition.

4

Initially, this Court notes that petitioner's second issue was not clearly raised in either petitioner's second or third PCRA petition. While petitioner's third PCRA petition, filed on October 14, 2015, contained a claim that petitioner was tried in spite of a Brady[15] violation which occurred prior to the start of trial, petitioner's PCRA petition provided no explanation or elaboration of any facts which would support this claim, or even give context to permit the Court's understanding of exactly what petitioner alleged had occurred. As petitioner does not state his second issue on appeal as a Brady claim, this Court is unable to determine whether petitioner refers to the unsupported Brady claim raised in his PCRA petition, or to a new claim raised for the first time on appeal.[16]

"Pa.R.A.P. 1925 is intended to aid trial judges in identifying and focusing upon those issues which the parties plan to raise on appeal." Commonwealth v. Lemon, 804 A.2d 34, 37 (Pa.Super. 2002). "When the trial court has to guess what issues an appellant is appealing, that is not enough for meaningful review." Id., *citing* Commonwealth v. Dowling, 778 A.2d 683, 686 (Pa.Super. 2001). Moreover, "[w]hen an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues." Id. (citations omitted). Finally, Superior Court has stated that "a Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all." Id. (citations omitted). "Even if the trial court correctly guesses the issues [the a]ppellant raises on appeal and writes an opinion pursuant to that supposition, the issue is still waived." Commonwealth v. Heggins, 809 A.2d 908, 911 (Pa.Super. 2002), *citing* Lemon, 804 A.2d at 36-37. Inasmuch as petitioner's second claim is too vague to

---

[15] Brady v. Maryland, 373 U.S. 83 (1963).

[16] This Court notes that, even if petitioner's second issue refers to the Brady claim from his October 14, 2015 petition, the absence of any facts to support the claim or determine whether the claim complied with any of the timeliness exceptions indicated that petitioner had failed to meet his burden to prove his claim. See Commonwealth v. Blackwell, 936 A.2d 497, 500 (Pa.Super. 2007) ("It is the petitioner's burden to plead and prove an exception to the PCRA-timeliness rule. . . . [F]ailure to allege a timeliness exception in the PCRA petition itself precludes the petitioner from raising it on appeal."). Therefore, this Court was without jurisdiction to consider petitioner's claim.

5

permit meaningful review, this Court will not speculate as to the specific issue, or issues, which petitioner proposes to raise on appeal with respect to this matter. Therefore, this claim will not be addressed any further. A discussion of petitioner's remaining claim follows.

**1. This Court violated petitioner's constitutional rights when it permitted petitioner to be tried and sentenced while petitioner was incompetent to stand trial or be sentenced.**

Among the several claims petitioner raised in his untimely filings, petitioner claimed that trial counsel was ineffective for proceeding when he knew or should have known that petitioner was mentally incompetent at sentencing.[17] However, petitioner claimed that this Court could reach the merits of all of his claims raised in both his second and third *pro se* petitions, asserting that his claims qualified under the timeliness exception for newly-discovered facts in 42 Pa.C.S. § 9545(b)(1)(ii), because he was and remained mentally incompetent throughout the period during which his right to file a PCRA petition on these matters lapsed, and because his third petition was filed within 60 days of his becoming competent. Because petitioner failed to advance sufficient proof to overcome the presumption of competence supported by the trial record, and because of his first PCRA petition, petitioner's claim of incompetence at sentencing (and incompetence at trial) failed. Petitioner's first PCRA petition, though untimely, was cogent and petitioner neither claimed any mental incompetency nor did it appear to the Court at trial or sentencing that mental incompetency might be an issue. Therefore, because petitioner failed to establish the point in time at which he passed from competence to incompetence and then back to competence, and that his petition was filed within the time period required by the statute after passing back to competence, petitioner's claims

---

[17] On November 23, 2016, five days after this Court's November 18, 2016 Order dismissing petitioner's petition as untimely, petitioner filed a response to this Court's October 17, 2016 907 Notice, claiming that, in addition to having been incompetent to be sentenced, he was incompetent to stand trial. In light of the fact that this Court looked to the trial record as a whole in its evaluation of petitioner's competency claim, and as claims of incompetency are not subject to the waiver provisions of the PCRA, this Court will treat petitioner's competency claim as if it concerned both trial and sentencing. See Commonwealth v. Brown, 872 A.2d 1139, 1154 (Pa. 2005)(holding that claims of incompetency are not subject to waiver, and this is so whether the claim is raised on direct appeal or collateral attack, as such a result would be absurd).

6

raised in his second and third *pro se* petitions did not qualify as newly-discovered facts and this Court lacked jurisdiction to entertain the merits of those claims.

Pennsylvania law provides that "[w]henever a person who has been charged with a crime is found to be substantially unable to understand the nature or object of the proceedings against him or to participate and assist in his defense, he shall be deemed incompetent to be tried, convicted, or sentenced so long as such incapacity continues." 50 Pa.S. § 7402. A defendant is presumed to be competent to stand trial, and the burden is on the defendant to prove, by a preponderance of the evidence, that he was incompetent during the proceedings. 50 Pa.S. § 7403 ("[T]he individual making an application to the court for an order directing an incompetency examination shall have the burden of establishing incompetency to proceed by a preponderance of the evidence."); Commonwealth v. Smith, 17 A.3d 873, 899-900 (Pa. 2011), *citing* Commonwealth v. Rainey, 928 A.2d 215, 236 (Pa. 2007). To obtain a hearing on such a claim, a petitioner must proffer evidence to meet this burden.[18] Id. Appellate courts extend great deference to a trial court's determination of an accused's competency because the trial court had the opportunity to observe a defendant's behavior directly. Commonwealth v. Pruitt, 951 A.2d 307, 322 (Pa. 2008).

A PCRA petition not filed within one year of the date that a petitioner's judgment of sentence became "final" must allege, and the petitioner must prove, one of the exceptions enumerated in 42 Pa.C.S. § 9545(b)(1), as well as the "due diligence" provision of § 9545(b)(2):

> (1)(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (1)(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

---

[18] See Commonwealth v. Santiago, 855 A.2d 682, 692-94 (Pa. 2004) (holding that a PCRA court may hold a hearing to retrospectively determine a petitioner's competency at trial where the issue is first raised in a PCRA petition and where the petition raises a material issue of fact concerning petitioner's competency at the time of trial and where adequate evidence exists to evaluate the claim).

7

(1)(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. §§ 9545(b)(1)(i)-(iii), (b)(2).

Petitioner's petitions were facially untimely, as his *second* petition was filed nearly six years after the expiration of his time to seek *allocatur* following Superior Court's dismissal of his direct appeal. This Court could only consider the merits of the petition if petitioner proved one of the timeliness exceptions in § 9545(b)(1) and the "due diligence" requirement in § 9545(b)(2). Petitioner claimed that the circumstances and timing of his mental incompetence permitted him to advance all of his claims under the timeliness exception for after-discovered facts.

As a general rule, mental illness or psychological condition, absent more, will not serve as an exception to the PCRA's jurisdictional time requirements. Commonwealth v. Hoffman, 780 A.2d 700, 702 (Pa.Super. 2001) (holding that the PCRA's timeliness requirements are both mandatory and jurisdictional in nature, and no court may alter or disregard them to reach the merits of a claim in a petition that is filed in an untimely manner). In very limited circumstances, forms of mental illness or incompetence may excuse an otherwise untimely PCRA petition. Commonwealth v. Monaco, 996 A.2d 1076, 1080-81 (Pa.Super. 2010), *citing* Commonwealth v. Cruz, 852 A.2d 287, 294-97 (Pa. 2004). Claims that were defaulted due to a PCRA petitioner's mental incompetence may qualify under the statutory newly-discovered facts exception on the basis that the incompetence rendered the petitioner unable to timely discover the factual bases for the collateral claims. Cruz, 852 A.2d at 293. In order for this Court to proceed to the merits of petitioner's claims alleged to be defaulted due to incompetence, petitioner was required to prove that: (1) he was and remained incompetent throughout the period during which his right to file a PCRA petition lapsed; and (2) that his current petition was timely filed within 60 days of his becoming sufficiently competent to ascertain the facts

8

upon which his underlying claims were predicated. Id. at 288. If petitioner failed to prove both points, this Court was obligated to dismiss the petition as untimely.

Here, petitioner asserted that he was mentally incompetent at the time of trial and sentencing and that his trial counsel was ineffective for proceeding to trial and sentencing when his counsel knew, or should have known, of petitioner's incompetence. Because petitioner did not submit proof sufficient to overcome the evidence in the trial record supporting the presumption of competence by a preponderance of the evidence, petitioner failed to meet his burden with respect to this claim.

During petitioner's trial, at which petitioner now claims he was incompetent, this Court colloquied petitioner with respect to whether he understood his rights and advised him that certain decisions at trial were his alone to make. At each point, petitioner's responses indicated his understanding of the nature of the proceedings against him and his ability to participate in his own defense.[19] During petitioner's sentencing, at which petitioner now claims he was incompetent, this Court informed petitioner of his right of allocution:

| The Court: | Mr. Cook, is there anything, sir, that you would like to say before sentence is imposed in these matters? You have the right to address the Court. You're not required to. |
| Mr. Cook: | Yes. Well, Your Honor, I stand before you as an innocent man. The only thing I'm guilty of is walking on the streets. |
| The Court: | All right. Well, the jury found otherwise, and so we are bound by that decision, Mr. Cook. |
| Mr. Cook: | Your Honor, when I first came here, I—you know, I proceeded with everything that counsel wanted to do. I didn't deny counsel anything because I wanted to find out what happened, too, you know. And I wanted the DNA tested and everything. Everything that the counselor asked for I gave. And the DNA came back unconclusive [sic]. It was—it was some conflicts about—you know what I mean?—about—about—about this mysterious mass from the |

---

[19] See, e.g., Notes of Testimony (N.T.) 1/9/02 at 4-6 (where petitioner asked the Court to explain the difference between a trial by the Court alone and a trial by jury, and then confirmed under oath his choice to be tried by a jury); N.T. 1/11/02 at 526-531 (where petitioner, under oath, informed the Court that he had chosen not to testify. While petitioner told the Court during this colloquy that he had been diagnosed with a mental illness, petitioner stated the diagnosis was "[a] long time back" and that he did not suffer from the effects of that illness at trial. The Court confirmed, based upon petitioner's answers, that petitioner had voluntarily and freely chosen against testifying.); N.T. 1/14/02 at 713 (where trial counsel, immediately after conferring with petitioner, informed the Court that counsel had read to petitioner the proposed jury instructions submitted by the Commonwealth, and had explained the potential implications to him).

> beginning. I feel like it wasn't—you know, I didn't have a fair shake with that. Only thing I'm guilty of, Your Honor, is just walking in the street. Because they do DNA every day on TV. And the DNA was unconclusive[sic], Your Honor.

N.T. 4/11/02, 16-17.

Following this exchange, the Court read petitioner his sentence, noting that the Court had considered petitioner's mental health history as elaborated in the presentence investigation.[20] Id. When asked, petitioner stated to the Court that he understood his sentences and that he had no questions. Id. at 19. Petitioner's conduct during the trial and sentencing proceedings was clear and coherent, and at no time did trial counsel or the Court find it necessary to raise an issue as to petitioner's competence.

To meet the limited exception provided for in Cruz, petitioner was required to establish that he entered a state of sustained incompetence at some point *before* the lapse of the deadline to file a PCRA petition on August 25, 2004, and remained in this state until at least August 17, 2015.[21] Save for unsupported allegations, petitioner failed to offer proof to overcome the record evidence supporting the presumption that he understood the nature of the proceedings against him and that he was able to participate in his own defense. Petitioner further failed to produce evidence to establish the crucial point in time where he passed from incompetence to competence, which was also necessary to determine whether petitioner met the Cruz exception. It is of note that, in petitioner's first untimely PCRA petition, he made no claim of, or reference to, incompetence, and in his second petition, filed in 2009, he stated coherent claims of ineffective assistance of counsel in

---

[20] The presentence investigation report noted that petitioner "continues to have mental health problems for which he is receiving medication. He described hearing voices, having difficulty sleeping, having sweating hands and being scared a lot. The Defendant said that the medications seem to help somewhat." Presentence Report of Investigator Sheila Bedford at 3. The evaluative summary noted that, at the time of sentencing, petitioner "may be experiencing current mental health difficulties" and did not have "the insight nor tools to deter future recidivism." Id. at 4.

[21] It was necessary that petitioner establish that he regained competence no earlier than 60 days before the filing of the *third* PCRA petition to preserve the claims from both his second petition and the third petition. If petitioner was competent for a period of 60 days during which he filed his second petition on June 12, 2009, the Cruz exception could not apply to his third petition and the claims therein would have to be dismissed as untimely.

10

addition to his claim that he was incompetent at the time of sentencing. Because petitioner failed to proffer evidence sufficient to meet his burden to establish incompetency during the relevant period by a preponderance of the evidence, an evidentiary hearing on the issue of petitioner's competency was not warranted. As petitioner failed to meet the pleading requirements established in the PCRA, and because he failed to establish that the after-discovered facts exception provided by Cruz applies, this Court did not have jurisdiction to entertain the merits of his petitions.

For the foregoing reasons, petitioner was not entitled to relief under the PCRA and the Court did not err in dismissing the petition as untimely. Accordingly, the Court's dismissal of the petition should be affirmed.

BY THE COURT:

_M. Teresa Sarmina_

M. TERESA SARMINA          J.

11