J-S74020-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PHILLIP QUINN | : | |
| | : | |
| Appellant | : | No. 3823 EDA 2016 |

Appeal from the PCRA Order November 1, 2016
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0007262-1996

BEFORE:  BOWES, J., LAZARUS, J., and RANSOM, J.

MEMORANDUM BY LAZARUS, J.:              **FILED FEBRUARY 06, 2018**

Phillip Quinn appeals from the order, entered in the Court of Common Pleas of Delaware County, dismissing his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541-46. After review, we affirm.

On May 3, 2001, a jury found Quinn guilty of second-degree murder,[1] robbery,[2] two counts of aggravated assault,[3] possession of an instrument of crime ("PIC"),[4] conspiracy to commit robbery,[5] and conspiracy to commit

_____

[1] 18 Pa.C.S.A. § 2502(b).

[2] 18 Pa.C.S.A. § 3701.

[3] 18 Pa.C.S.A. § 2702.

[4] 18 Pa.C.S.A. § 907.

aggravated assault.[6]  On July 7, 2001, the trial court sentenced Quinn to life imprisonment as to his conviction of murder in the second degree and an additional 5½ to 11 years' imprisonment as to his aggravated assault conviction.  Quinn timely appealed his judgment of sentence, and on June 20, 2003, this Court affirmed.  On January 28, 2004, our Supreme Court denied Quinn's petition for allowance of appeal.  Quinn did not appeal our Supreme Court's decision to the United States Supreme Court, and thus, his judgment of sentence became final on April 28, 2004.  *See* 42 Pa.C.S.A. § 9545(b)(3).  *See also* U.S.Sup.Ct.R. 13, 28 U.S.C.A.

Sometime in 2004, Quinn suffered a heart attack and was temporarily hospitalized; however, he was able to file his first PCRA petition on September 3, 2004, which the PCRA court denied on August 25, 2005.  On October 24, 2005, Quinn filed a second PCRA petition, which the PCRA court dismissed on September 12, 2007.  On October 9, 2014, Quinn filed the instant, third, *pro se* PCRA petition, and on January 27, 2015, the court appointed as counsel Stephen F. Molineaux, Esquire.   On June 10, 2015, counsel filed a **Turner**/**Finley**[7] no-merit letter and a motion to withdraw his appearance.  The court granted counsel's motion and a Pa.R.Crim.P. 907 notice of intent to dismiss without a hearing was served on Quinn.  Quinn filed a written objection

---

[5] 18 Pa.C.S.A. §§ 903, 3701.

[6] 18 Pa.C.S.A. §§ 903, 2702.

[7] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1987).

on July 31, 2016, and the PCRA court dismissed his petition on November 1, 2016. Quinn timely appealed; both he and the PCRA court have complied with Pa.R.A.P. 1925.

On appeal, Quinn raises the following issue for our review: Did the PCRA court err in finding the petition was untimely when it met the interference by government official and newly discovered fact exceptions?

"Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and free of legal error." *Commonwealth v. Wilson*, 824 A.2d 331, 333 (Pa. Super. 2003) (en banc) (citation omitted). Before weighing the substantive merits of Quinn's arguments, however, we consider whether this Court has jurisdiction over the present case. If the PCRA petition is untimely, then there is no subject matter jurisdiction over the case. *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1267-68 (Pa. 2008).

> [T]he PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court is precluded from considering untimely PCRA petitions. *See*, *e.g.*, *Commonwealth v. Murray*, 753 A.2d 201, 203 ([Pa.] 2000) (stating that "given the fact that the PCRA's timeliness requirements are mandatory and jurisdictional in nature, no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner"); *Commonwealth v. Fahy*, 737 A.2d 214, 220 ([Pa.] 1999) (holding that where a petitioner fails to satisfy the PCRA time requirements, this Court has no jurisdiction to entertain the petition). [The Pennsylvania Supreme Court has] also held that even where the PCRA court does not address the applicability of the PCRA timing mandate, th[e Court would] consider the issue *sua sponte*, as it is a threshold question implicating our subject matter jurisdiction and ability to grant the requested relief.

***Commonwealth v. Whitney***, 817 A.2d 473, 477-78 (Pa. 2003).

In order to satisfy the timeliness requirement, a PCRA petition "must normally be filed within one year of the date the judgment becomes final . . . unless one of the exceptions in section 9545(b)(1)(i)-(iii) applies and the petition is filed within 60 days of the date the claim could have been presented." ***Commonwealth v. Copenhefer***, 941 A.2d 646, 648 (Pa. 2007) (citations and footnote omitted). Section 9545(b)(1)(i) and (ii) provide that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]

49 Pa.C.S.A. § 9545(b)(1)(i)-(ii).

Quinn's judgment of sentence became final on April 28, 2004. ***See*** 42 Pa.C.S.A. § 9545(b)(3) ("a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."). Thus, Quinn had until April 28, 2005, to file his PCRA petition. Quinn filed the instant petition on October 9, 2014, approximately 9½ years late. Therefore, it is facially untimely.

However, Quinn avers that a 2004 heart attack incapacitated him, and consequently, he was unable to litigate his various PCRA claims.[8] Specifically, Quinn argues that his health inhibited him from raising claims that government officials (i.e., the PCRA court) interfered with his collateral relief litigation and that potentially exculpatory newly discovered facts have emerged since his trial. Quinn's argument is meritless.

In order to meet the statutory requirements of the governmental interference exception, Quinn must "plead and prove that his failure to raise the claim previously was the result of interference by government officials with the presentation of the claim [or claims] in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United State[.]" *Commonwealth v. Chester*, 895 A.2d 520, 523 (Pa. 2006) (internal quotation marks and citation omitted). The government interference exception applies when, for example, the court affirmatively misleads the petitioner on a material issue. *See*, *e.g.*, *Commonwealth v. Blackwell*, 936 A.2d 497, 502 (Pa.Super.2007) ("the PCRA court's erroneous notification to appellant that PCRA counsel had withdrawn amounted to governmental interference" that excused his untimely filing of third PCRA petition alleging ineffective assistance by PCRA counsel). The exception may also apply where the government conceals exculpatory evidence from petitioner. *See*, *e.g.*,

---

[8] Quinn repeatedly refers to a "heart attack in 2004-2014;" however, it is unclear from Quinn's brief how the omnipresence of heart-related issues impeded his ability to litigate his PCRA claims after he recovered from his 2004 hospital stay. *See generally*, Brief of Appellant.

***Commonwealth v. Stokes***, 959 A.2d 306 (Pa.2008) (suggesting that

concealment of ***Brady*** material could form basis for relief under government

interference exception if petitioner files PCRA petition within 60 days after

discovery of concealment).

The newly discovered facts exception provides that "the facts upon

which the claim is predicated were unknown to petitioner and could not have

been ascertained by the exercise of due diligence."   42 Pa.C.S.A. §

9545(b)(1)(ii).

> The timeliness exception set forth in Section 9545(b)(1)(ii)
> requires a petitioner to demonstrate he did not know the facts
> upon which he based his petition and could not have learned those
> facts earlier by the exercise of due diligence.  Due diligence
> demands that the petitioner take reasonable steps to protect his
> own interests.  A petitioner must explain why he could not have
> learned of the new fact(s) earlier with the exercise of due
> diligence.  This rule is strictly enforced.  Additionally, the focus of
> this exception is on the newly discovered facts, not on a newly
> discovered or newly willing source for previously known facts.

***Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa. Super. 2015) (internal

quotations and citations omitted).

Additionally, all of the time-bar exceptions are subject to a separate

deadline.

> The statutory exceptions to the timeliness requirements of the
> PCRA are also subject to a separate time limitation and must be
> filed within sixty (60) days of the time the claim could first have
> been presented.  The sixty (60) day time limit . . . runs from the
> date the petitioner first learned of the alleged after discovered
> facts. A petitioner must explain when he first learned of the facts
> underlying his PCRA claims and show that he brought his claim
> within sixty (60) days thereafter.

*Id.* (citations omitted). Our Supreme Court has held that section 9545(b)(2) also requires a showing of due diligence insofar that a petitioner must file the petition within 60 days that the claim could have *first* been presented. ***Commonwealth v. Edmiston***, 65 A.3d 339, 350 (Pa. 2013).

Quinn's only claim on appeal can be distilled down to his argument that he "had a heart attack in the course of his litigation in 2004 through 2014," which inhibited his ability to take advantage of his right to file a petition(s) for collateral relief pursuant to the PCRA.  Brief of Appellant, at 15.  Quinn has neither alleged or proven any errors of a state and/or federal constitutional nature nor shown that his previous failure to raise a PCRA claim was the result of interference by government officials.  ***Chester***, ***supra***.  Moreover, Quinn has not advanced any newly discovered facts that were unavailable to him at the time of his trial.  ***Brown***, ***supra***.  Rather, he predicates his timeliness arguments solely on the occurrence of a heart attack in 2004.[9]  ***See Commonwealth v. Fahy***, 737 A.2d 214, 222 (Pa. 1999) (jurisdictional limitations are mandatory and interpreted literally, thus, a court has no authority to extend filing periods except as statute permits).  Therefore, Quinn's PCRA petition is facially untimely and meets no exception.

Order affirmed.

---

[9] ***Cf. Commonwealth v. Hoffman***, 780 A.2d 700 (Pa. Super. 2001) (defendant's illness (i.e. mental illness) did not toll jurisdictional time limits for filing his petition for post-conviction relief; illness was not specifically listed in PCRA as exception to one-year jurisdiction time limitation period for filing petition.).

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/6/18