**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JEFFREY L. SIMONSON | : | |
| | : | |
| Appellant | : | No. 2059 MDA 2018 |

Appeal from the PCRA Order Entered December 21, 2018
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0000094-2004

BEFORE:   SHOGAN, J., DUBOW, J., and PELLEGRINI*, J.

MEMORANDUM BY PELLEGRINI, J.:                 **FILED MAY 10, 2019**

Jeffrey L. Simonson appeals from an order of the Court of Common Pleas of Luzerne County (PCRA Court) denying as untimely his petition filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

In April 2004, Simonson pleaded guilty to three counts of involuntary deviate intercourse.  He was sentenced by the Honorable Joseph M. Augello in July 2004 to an aggregate prison term of five to twenty years.  He did not file a direct appeal.

Simonson filed his first PCRA petition *pro se* on November 27, 2017.  Essentially, he claimed that Judge Augello engaged in "corruption" through his association with Judges Mark Ciavarella and Michael Conahan, both of whom were implicated in a scandal called "Kids-for-Cash," which first came to light

_____
*  Retired Senior Judge assigned to the Superior Court.

in 2008.  Petition, 11/27/17, at 5-6.[1]  In this scheme, Judges Ciavarella and Conahan accepted money from the builders of for-profit juvenile detention centers in exchange for imposing overly harsh adjudications on offenders who would be housed in those facilities.

Without providing any specifics or evidence in support of his claim, Simonson asserted in his petition that Judge Augello was somehow involved in the scheme and put under investigation.  *Id.* at 7.  He seemed to suggest that Judge Augello was biased and should not have presided in his case, entitling him to post-conviction relief.  Simonson contended that his "mental incompetence" delayed the discovery of facts supporting his present PCRA claim.  *Id.* at 5.  He attached documentation to his petition regarding his limited cognitive ability, but did not otherwise specify how it prevented him from learning about the "Kids-for-Cash" scandal at an earlier time.  *See id.*, at Exhibits A through H.

On January 17, 2018, the PCRA court filed a notice of intent to dismiss Simonson's petition without a hearing.  Simonson filed an untimely objection, and on March 15, 2018, the PCRA court filed an opinion and order denying and dismissing the petition.

Simonson filed a notice of appeal on March 29, 2018, and on June 27, 2018, this Court ordered that he be appointed counsel so that he could

---

[1] https://en.wikipedia.org/wiki/Kids_for_cash_scandal.

reassert his PCRA claims with the benefit of legal representation.[2]  Following the appointment, Simonson's counsel filed a praecipe to discontinue the appeal on September 19, 2018.  Days later, Simonson's counsel petitioned to withdraw and filed a *Turner/Finley* letter[3] explaining that the petition was untimely.

On October 18, 2018, the PCRA court entered an order granting counsel's motion to withdraw.  On the same date, the PCRA court again filed a notice of intent to dismiss Simonson's petition without a hearing and an opinion finding Simonson's petition to be untimely and without merit. Specifically, the PCRA Court noted that the "Kids-for-Cash" scandal concluded in 2011, about six years prior to Simonson's petition, and he had failed to satisfy any exceptions to the timing limitations of the PCRA.  *See* PCRA Court Opinion, 8/18/2018, at 4.  The PCRA Court then entered an order denying and dismissing the petition on December 20, 2018.  Simonson again appealed, raising a single issue concerning the alleged bias of the sentencing judge.  *See* Brief of Appellant, at 4.

---

[2] Since the PCRA petition was Simonson's first, it could not be denied without first appointing him counsel.  "It is well-established that a first-time PCRA petitioner whose petition appears untimely on its face is entitled to representation for assistance in determining whether the petition is timely or whether any exception to the normal time requirements is applicable." *Commonwealth v. Ramos*, 14 A.3d 894, 895 (Pa. Super. 2011).

[3] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988).

We hold that the trial court did not err because Simonson's petition was untimely.[4]  "A PCRA petition, including a second and subsequent petition, shall be filed within one year of the date the underlying judgment becomes final." ***Commonwealth v. Graves***, 197 A.3d 1182, 1185 (Pa. Super. 2018) (citation omitted).  "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."  42 Pa.C.S. § 9545(b)(3).

There are three statutory exceptions to the PCRA's one-year time limitation:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

---

[4] "Our standard of review for issues arising from the denial of PCRA relief is well-settled.  We must determine whether the PCRA court's ruling is supported by the record and free of legal error." ***Commonwealth v. Presley***, 193 A.3d 436, 442 (Pa. Super. 2018) (citation omitted).  The timeliness of a PCRA petition is an issue of law which is reviewed *de novo*. ***Commonwealth v. Callahan***, 101 A.3d 118, 121 (Pa. Super. 2014).

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

If a PCRA petition is filed after the year for filing has elapsed, a petitioner must assert an exception within 60 days of the date the claim could have been presented. *See* 42 Pa.C.S. § 9545(b)(2).[5] Where the petition is patently untimely, it is the petitioner's burden to show that one of the exceptions applies. *See* 42 Pa.C.S. § 9545(b)(1); *Commonwealth v. Perrin*, 947 A.2d 1284, 1286 (Pa. Super. 2008). If the petition is untimely and the petitioner has not asserted and proven an exception, the petition must be dismissed without a hearing because Pennsylvania courts have no jurisdiction to consider its merits. *See Commonwealth v. Taylor*, 65 A.3d 462, 468 (Pa. Super. 2013); *Commonwealth v. Derrickson*, 923 A.2d 466, 468 (Pa. Super. 2007).

In this case, Simonson filed his PCRA petition On November 27, 2017, which is well over a year past the date when his sentence became final in 2004. His PCRA petition is facially untimely.[6] Simonson claimed in his petition

_____

[5] As of December 24, 2018, Section 9545(b)(2) now provides that any PCRA petition invoking a time-bar exception must be filed within one year of the date the claim first could have been asserted. *See* Act 2018, Oct. 24, P.L. 894, No. 146, § 2, effective in 60 days [Dec. 24, 2018]. The amendment applies to claims asserted after December 24, 2017. *See id.* at No. 146, § 3. Simonson filed his petition prior to that effective date so the amendment does not apply in this case.

[6] A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the

that he satisfies a statutory exception because the "Kids-for-Cash" scandal did not come to light until 2008, years after the finality of his sentence. *See* 42 Pa.C.S. § 9545(b)(1)(ii) (exception applies if "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence"). Simonson added that his education level and limited mental capacity prevented him from learning of the scandal until about six years after the "Kids-for-Cash" scandal had concluded.

Even assuming that below-average capacity may be used here as an exception to the PCRA's time-bar provisions,[7] the burden was still on Simonson to plead and prove why it prevented him from timely filing his claim within 60 days of the scandal becoming discoverable. The PCRA time-bar

_____

review." ***Commonwealth v. Monaco***, 996 A.2d 1076, 1079 (Pa. Super. 2010). Simonson did not file a direct appeal so his judgment of sentence became final 30 days after the trial court sentenced him on July 29, 2004. ***See*** Pa.R.App.P. 903(a); 42 Pa.C.S. § 9545(b)(3). He, therefore, had a year from August 31, 2004, to file a timely PCRA petition, but he did not do so.

[7] Courts have recognized mental incompetence as a basis to excuse a failure to present a claim based on new evidence within 60 days of it becoming discoverable. ***See generally Commonwealth v. Cruz***, 852 A.2d 287 (Pa. 2004). However, "[o]nly under a very limited circumstance has [our] Supreme Court ever allowed a form of mental illness or incompetence to excuse an otherwise untimely PCRA petition." ***Commonwealth v. Monaco***, 996 A.2d 1076, 1080–1081 (Pa. Super. 2010). "[T]he general rule remains that mental illness or psychological condition, absent more, will not serve as an exception to the PCRA's jurisdictional time requirements." ***Id.*** (citing ***Commonwealth v. Hoffman***, 780 A.2d 700, 703 (Pa. Super. 2001)).

exceptions require him to demonstrate "why he could not have obtained the new fact(s) earlier with the exercise of due diligence." **Commonwealth v. Monaco**, 996 A.2d 1076, 1080 (Pa. Super. 2010) (citing **Commonwealth v. Breakiron**, 781 A.2d 94, 98 (Pa. 2001)).

Simonson failed to show that he exercised due diligence. As a result, this Court has no jurisdiction to consider the merits of his claims[8] and the PCRA court's dismissal of the petition must stand.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/10/2019

---

[8] We note that even if Simonson's PCRA petition could be considered on the merits, it would be found to be frivolous. The crux of his claim is that the sentencing judge was biased due to involvement in a scheme to send offenders to for-profit juvenile facilities. But Simonson was not sentenced as a juvenile – he was in his 20s at the time of sentencing – and he went to prison. He also failed to allege how the Kids-for-Cash scandal related to the sentencing judge.